Saul Moskoff, J.
This is a proceeding brought pursuant to section 413 of the Family Court Act, for an order requiring the respondent, the former husband of the petitioner, to pay for the support of the child, now six years old, of the parties. The petitioner does not, in this proceeding, seek an order in her own behalf.
The petitioner’s approach to the proceeding Avas that of a de novo application, not relying upon the provisions of a separation agreement which was incorporated by reference into a subsequent Mexican bilateral divorce granted on July 19, 1965. The separation agreement, dated June 28, 1965, insofar as here relevant, provided that the respondent was to pay $10 weekly for the support of the petitioner and $10 weekly for the support of the child. In the event of the petitioner’s remarriage (aaAícIi event has not occurred) the respondent was to continue to pay $20 per week, to be applied solely to the support and maintenance of the child. He was to maintain Blue Cross and Blue Shield coverage for the child and to pay for all extraordinary medical and dental expenses incurred on behalf of the child, subject to being consulted by petitioner with respect thereto. In addition to the foregoing, respondent was to pay the petitioner the sum of $150 annually for the purchase of clothing for the child.
The testimony of the petitioner is that the present needs of the child total $30.50 weekly, not including rent or medical expenses.
In 1965 when the agreement was executed, respondent’s gross earnings were $6,077.63; the net after Federal, State, and Social Security taxes being $5,151.83 or $100 net weekly. Deducting the $10 required to be paid to petitioner weekly under the agreement, $90 was left for the needs of respondent and the child. Under the terms of the agreement, respondent is to pay $10 for the needs of the child, leaving $80 for his needs.
*534 In 1966, the respondent’s gross earnings were $6,737.09; the net after Federal, State, City and Social Security taxes being $5,552.10 or $107 weekly. After paying $10 to petitioner, he is left with $97 for himself and the child. After paying the $10 as required by the agreement he is left with $87 for his own needs.
The respondent is a machinist, paid at the rate of $3.16 per hour for a 36-hour week.
His claimed needs are approximately $74 per week.
Respondent had two bank accounts in the total sum of approximately $16,000 in his name in trust for his father, Morris Rudniclc. Each of these accounts was closed in August, 1967 and the proceeds transferred to an account in the name of his father. It will be noted that the instant proceeding was commenced on August 9, 1967.
Respondent owns a 1966 Oldsmobile F85 to which he now holds title free and clear of any mortgage or claim.
On the foregoing facts the court finds:
1. That the sum of $10 weekly is now inadequate to provide for the needs of the child and was inadequate in July, 1965.
2. That the respondent in July, 1965 was and now is possessed of sufficient means to provide a sum in excess of $10 weekly for the support of the child.
3. That the proceeds of the bank accounts which were closed in August, 1967 and transferred to respondent’s father were actually the property of respondent and that the transfer was a strategic move to defend against any claim for increased support for the child.
4. That there has been an increase in respondent’s income since the execution of the agreement warranting an increase in the support of the child.
5. That the present means of the respondent and the needs of the child warrant an order for the child in the sum of $18 weekly for the child which sum is to include clothing; respondent also to provide medical and hospital insurance coverage.
The foregoing findings of fact lead to an examination of the law as to the power and jurisdiction of the court to entertain this proceeding in view of the Mexican decree of divorce.
The pertinent statutes applicable hereto are sections 413, 414 and 461 of the Family Court Act.
Section 413 provides: 4 ‘ The father of a minor child is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for his support a fair and reasonable sum according to his means, as the court may determine.”
*535 The obligation of a father under this section to support his child, if he has the means to do so, is primary and absolute and is not diminished by the fact that the means of the mother may be in excess or equal to his.
Section 414 provides: “ If the father of a minor child is dead, incapable of supporting’ his child, or cannot be found within the state, the mother of such child is chargeable with its support and, if possessed of sufficient means or able to earn such means, may be required to pay for its support a fair and reasonable sum according to her means, as the court may determine. The court may apportion the costs of the support of the minor child between the parents according to their respective means and responsibilities. ’ ’
The father in the instant case is not dead, is not “ incapable of supporting his child” and can be found within the State and accordingly, the mother herein is not chargeable with the support of the child.
Therefore, the court rejects the respondent’s contention that the means of the mother is relevant in determining the amount the respondent should be required to pay for the support of the child.
We come now to a consideration of section 461 and its effect on the maintenance of a petition under section 413.
Insofar as here relevant section 461 provides:
“ (a) A * * * final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.
“ (b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may ® * * (ii) entertain an application to modify such order on the ground that changed circumstances requires such modification ’ ’.
The respondent argues that the jurisdiction of this court is restricted, on an application for support of a child only, to modification based only on a change of circumstances where there is extant a Mexican decree of divorce with provision for the child.
The court rejects this contention as unsound, illogical and without basis in law.
To begin with, recognition of a bilateral Mexican decree of divorce is accorded New York courts not on the basis of full *536 faith and credit, as with sister States, but rather as a matter of comity. (Rosenstiel v. Rosenstiel, 16 N Y 2d 64.) Comity will be extended if no public policy of this State is offended Rosenstiel (supra). This court now holds that a foreign country decree which provides for a child who is domiciled in and is a citizen of New York State in an improvident and inadequate manner offends our public policy and is not entitled to recognition in that respect. Moreover, the child was a party to neither the separation agreement nor the divorce that ensued and is consequently not bound or estopped by the provisions thereof. (Van Dyke v. Van Dyke, 305 N. Y. 671:)
The petitioner may maintain the proceeding under section 413 of the Family Court Act. By its language, section 461 requires that provisions made for the support of a child in a decree of divorce must at least be equal to the benefits that the child would receive under section 413. This conclusion is derived from the language in the section which provides that “ a final decree or judgment # * * does not eliminate or diminish either parent’s duty to support a child of the marriage under sections four hundred thirteen and four hundred fourteen of this article ”.
The only limitation that the Legislature seems to have placed upon the jurisdiction of the Family Court in this area appears in the sentence immediately following the last-quoted sentence, to wit: “In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support. ’ ’ An implicit direction in this language, however, would appear.to be that the order referred to must not be imprdvident or inadequate and must not “ eliminate or diminish ’ ’ the parents ’ duty to support under section 413 or section 416. Any other construction could lead to ludicrous results. For instance, if the decree of a foreign country provided $2 weekly for the support of a child of a father earning $500 weekly with no unusual expenses or obligations, such a parent could resist the making of an appropriate order under section 413 on the ground that the only remedy would be under section 461, if proof of changed circumstances were available.
An order will be entered requiring the respondent to pay $18 weekly for -the support of the child beginning January 8, 1968, and in addition thereto to provide medical and hospital insurance coverage.