■ In the Matter of SOUTH PATH REALTY CORP., Appellant, v. CHARLES B. HOWE, as Acting Director of the Department of Building and Housing of the Town of Islip, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's rescission of three building permits, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County, dated February 14, 1969, as denied the application as to two of the permits. Judgment affirmed insofar as appealed from, with costs. Although, in our opinion, Special Term erred in treating the structures of the contemplated garden apartment development as distinct units instead of as an integrated whole (see *City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *Matter of Harris* v. *Coffey*, 6 A D 2d 898; *Telimar Homes* v. *Miller*, 14 A D 2d 586), it is nevertheless our view that Special Term properly denied the application as to two of the three building permits. In our opinion, the initial representation made by petitioner in applying for a change of zoning, that the proposed project would not exceed 60 units, was a material one, and respondent was not estopped from seeking to hold petitioner to its original statement of intent. Accordingly, respondent, having acted promptly, was justified in requesting a halt in construction and thereafter revoking the two permits which Special Term has refused to restore (cf. *Town of Greenburgh* v. *Buser*, 285 App. Div. 1090). Christ, Acting P. J., Munder, Martuscello and Kleinfeld, JJ., concur; (Beldock, P. J., deceased.)

■ In the Matter of EDNA V. WAREHAM, Respondent, v. FRANCIS T. J. WAREHAM, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Kings County, entered June 10, 1969, which denied appellant's motion for a rehearing of the proceeding. Order affirmed, without costs. The prior order dated September 27, 1967 is binding as to all matters that were litigated or should have been litigated. Since the matter now alleged does not fall into the category of newly discovered evidence, it was proper to deny a reopening of the issues inherently decided under the order of September 27, 1967 (*Statter* v. *Statter*, 2 N Y 2d 668; *Matter of Merritt* v. *Merritt*, 259 App. Div. 242, app. dsmd. 285 N. Y. 561). Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

■ AARON JAY, Appellant, v. EVELYN GLASSMAN et al., Defendants, and KENNETH GLASSMAN et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 19, 1969, as, upon reconsideration, adhered to the original decision denying a general preference in trial. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and plaintiff's application for a general preference in trial granted. In our opinion, the view of the court-appointed impartial physician convincingly supplemented the claim of plaintiff's private doctors that plaintiff had sustained at least a permanent partial disability in the nature of recurrent low back aches and that this injury was proximately caused by the accident upon which the action is based. Though defendants' medical proof disputed that conclusion, such dispute should not be resolved in advance of trial and, under the circumstances, plaintiff's claim of continuing injury should be tried out in the Supreme Court where adequate damages may be granted if the triers of the fact believe plaintiff (*Koblein* v. *City of New York*, 30 A D 2d 965; *Kahane* v. *Meehan*, 24 A D 2d 768). Christ, Acting P. J., Rabin, Hopkins and Brennan, JJ., concur; (Beldock, P. J., deceased.)