Joseph Liee, J.
This application by petitioner pursuant to article 4 of the Family Court Act to adjudge the respondent responsible for the support of two sons and to direct him to pay a fair and reasonable sum for their support according to his means, and for a counsel fee, and related relief, and respondent’s cross motion to dismiss the proceeding, are determined as follows:
On March 1, 1965 the parties entered into a separation agreement, the terms of which were incorporated by reference in a judgment of divorce obtained by the wife in Mexico on March 10, 1965. In customary fashion the agreement provided that it was to survive andinot be merged in the divorce decree.
The petitioner requests that a hearing be held pursuant to section 433 of the Family Court Act to determine whether the respondent is adequately providing for his children. Respondent moves to dismiss the proceeding, claiming there is no authority to entertain it, under section 413 of the Family Court Act, since there is an order of a court of competent jurisdiction which requires the respondent to support his children. Section 413 is not procedural in nature. It expresses the father’s obligation to provide for his children. Similarly section 414 of the act defines the mother’s duty where the father is deceased or unable to provide for the issue.
It is axiomatic that this court, acting as parens patriae, will protect the best interests of its wards regardless of the controversy between their parents (cf. Finlay v. Finlay, 240 N. Y. 429, 433-434), and will not be deterred by an agreement or decree of separation, etc. (Family C-t. Act, § 461, subd. [a]). Of course where there is an order or judgment outstanding this will not be disregarded.
The respondent urges that the Mexican judgment is a bar to this proceeding unless there be a demonstration of changed circumstances (Family Ct. Act, § 461, subd. [b], par. [ii]). Even if that were so, implicit in the present application is a claim of altered circumstances. Moreover, the petitioner alleges that the respondent has failed to provide fair and reasonable support for his children according to his means and earning capacity since March, 1966. This would appear to us to be a sufficient allegation of changed 'circumstances. In addition, “ minor children *72 are not parties to a separation agreement executed by their parents, and the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires ” (Moat v. Moat, 27 A D 2d 895, 896; see Riemer v. Riemer, 31 A D 2d 482, 486).
The application here does not seek additional support retrospectively but only prospectively. Thus the decision in Horne v. Horne (22 N Y 2d 219) would not apply, for there the request was to recover the cost alleged to have been incurred in providing for the children subsequent to an adjudication. Similarly the Appellate Division in this Department held (McManus v. McManus, 39 A D 2d 775) that the plaintiff mother could not seek reimbursement from the father for expenditures made in the past on behalf of the children. To hold otherwise would permit the mother to incur additional expenses beyond those provided for in an order or judgment and then seek to recover the same from the father.
Respondent also urges that this court does not have jurisdiction but should refer the matter to the Family Cóurt. In this he is in error since it has been determined that jurisdiction to entertáin an application under article 4 of the Family Court Act resides in both courts (Kagen v. Kagen, 21 N Y 2d 532).
It may be observed that if this court were to take jurisdiction, there might be no need to find “ a change of circumstances.” Subdivision (b) of section 461 of the Family Court Act refers to “ an order of the supreme court or of another court of competent jurisdiction ”, and apparently equates one with the other. Does not the statute thereby infer that the earlier determination for support rested on the basis of a fair and full hearing? The provision for support relied on by the respondent was contained in a separation agreement made between the parties which was adopted by the Mexican court, presumably without further inquiry into the welfare of the children. Under these circumstances we would question whether that meets the test that it is an order of a court of competent jurisdiction (cf. Matter of. Rudnick v. Rudnick, 55 Misc 2d 532). In this regard see the decision of Judge Midoniok in Matter of Guillermo v. Guillermo (43 Misc 2d 763).
The remaining question is whether this proceeding should be entertained in the Supreme Court rather than the Family Court. The court recognizes that subsequent applications are frequently necessary to enforce orders for support which give rise to disputes concerning payments made and accrued arrears^. These *73 disputes do not encumber proceedings in the Family Court where payments aré made through the Accounts Division of the Probation Department. The investigatory staff of the Probation Department is also available to the Family Court to help resolve the issue of respondent’s means and ability to pay when that issue is raised. These auxiliary services which allow for more efficient processing of .this type proceeding are not available to the Supreme Court. It might also be noted that follow-up procedures utilized by the Accounts Division on delinquent payors are often successful so that the number of enforcement proceedings brought to court are reduced. For these reasons, the court declines jurisdiction of the proceeding, and directs its transfer to the Family Court.
Respondent’s cross motion to dismiss this proceeding is accordingly granted to the extent indicated.