Beatrice S. Bursteiu, J.
Plaintiff’s application for modification of the child support provisions in a divorce decree is denied. Two issues were submitted: (a) where there is no claim of a change in circumstances, may a hearing de novo be granted to determine the adequacy of the amount allowed for child support, after a judgment of divorce has been entered, and (b) assuming that the first issue is answered affirmatively, whether provisions for support in the separation agreement involved in this casé should be modified?
*447 The first issue appears to have been resolved when a prior motion for this hearing was granted. Although this court may decline to inquire into the propriety of the order granting a hearing, the issue poses seminal questions which should be answered. Plainly, if the court does not have jurisdiction over the subject matter of this proceeding the order of reference is a nullity.
The facts briefly are these: at the divorce proceedings inquest the presiding Judge examined plaintiff about her negotiations with defendant before the separation agreement was executed ; whether the plaintiff, having read the agreement, understood its terms and concurred that the support provisions were fair and reasonable. The plaintiff answered in the affirmative. At the request of the plaintiff, the relevant provisions of the separation agreement were then incorporated into the divorce decree.
The plaintiff now contends that the trial court did not determine the issue of child support because it did not conduct a hearing to determine the adequacy of these provisions. Hence, plaintiff suggests this issue may now be relitigated.
The defendant counters with the contention that this court cannot challenge, much less overrule, a decision by a court of co-ordinate jurisdiction. But defendant makes an inductive leap to the argument that the provisions for support incorporated into the decree is res judicata. Defendant’s thesis is not persuasive.
Contrary to defendant’s argument, review is not barred by the doctrine of res judicata. In a case decided on January 21, 1974, Sea-Land Servs. v. Gaudet (414 U. S. 573) the United States Supreme Court rejected a narrow construction of res judicata and collateral estoppel. That case teaches that the initial judgment here could bind only the parties to the suit and their privies. The children were not parties to the divorce proceedings and this proceeding is precluded neither by res judiciata nor collateral estoppel (Sea-Land Servs. v. Gaudget, supra; Van Dyke v. Van Dyke, 278 App. Div. 446, affd. 305 N. Y. 671; Matter of Goldberg v. Goldberg, 57 Misc 2d 224; Matter of “Smith” v. “Jones”, 43 MisC 2d 350; cf. Matter of Melis v. Department of Health, 260 App. Div. 772; cf. Conklin v. Jablonski, 67 Misc 2d 286).
The source of jurisdiction here is section 433 of the Family Court Act which, of course, governs this court.
Contemporary theory, embodied in section 170 of the Domestic Relations Law, sanctions the incorporation of a separation agreement into a divorce decree, whether the divorce was con *448 tested or noncontested, and promotes the concept of a predivorce agreement. Generally, therefore, a court will not inquire into the adequacy of the provisions made in an agreement unless that agreement is palpably unfair or inadequate. While there is no presumption, binding or rebuttable, that a separation agreement adequately provides for child support, the fact of negotiations between two parties, having knowledge of the requirements of the children and theoretically, at least, equally concerned about their welfare, suggests persuasively that the agreement is fair. The fact that the law does permit modification upon proof of a change in circumstances provides an avenue of relief in the event problems should arise later on.
It has been held, however, that even in the absence of a change in circumstances, foreign divorce decrees may be modified for failure of the court to inquire into the adequacy of support provisions. (See, e.g., Harper v. Harper, 38 A D 2d 971; Behren v. Behren, 72 Misc 2d 70; Goldberg v. Goldberg, supra.) This seems to be sufficient precedent for holding a hearing, de novo, where a decree by our courts has been entered without an inquiry concerning support provisions. On the basis of these decisions it appears that an agreement and stipulation between the parties does not relieve this court from the responsibility of inquiring into the means of the father and the requirements of the children. The courts must subject an agreement to close scrutiny (Van Dyke v. Van Dyke, supra). In some circumstances, a hearing alone will not afford full protection because due process means more than a formal hearing; it means an adequate hearing. To avoid vexatious litigation, to protect essential rights and interests and to assure stability to uncontested decrees, it may be necessary in some instances to appoint a guardian ad litem. (Remy v. Remy, 177 Misc. 460; Adams v. Adams, 66 Misc 2d 378; Matter of Melis, supra.)
The court is satisfied that it has jurisdiction to proceed in this matter, but on the merits, the court concludes that relief cannot be granted.
The evidence shows that the defendant has been paying $8,800 a year for the support of the children and $1,300 life insurance to be carried until the children are emancipated, and in the past year had orthodonture, psychiatric, nursery school and summer camp expenditures of $4,675 for a total of $14,775. In the past year, the defendant’s net income, after taxes, for the year 1973 was somewhat more than $34,000. The defendant had total savings of $4,000 in a joint account and of this amount, $2,000 belonged to his second wife and $2,000 remained from *449 the sale of his share of a co-operative apartment after payment of all expenses incurred in the divorce proceeding. In the light of the defendant father’s financial condition and other obligations, his expenditure of approximately 40% of his net, after tax, income appears to be a fair, reasonsable and responsible provision for the support of his children.
To be sure, this amount may be insufficient to permit the plaintiff to continue to maintain the former marital abode. It should be noted, however, the present marital domicile was acquired approximately a year and a half before the divorce. The parties resided in an apartment until that time. Unfortunately, the consequence of many divorces is to deplete or restrict the available funds for living expenses. While the children are entitled to enjoy a relatively similar standard of living to the one maintained prior to the divorce, this standard is necessarily limited by the means of the father.
The court is denying the application for counsel fees. Counsel for the plaintiff represented the plaintiff and the children in the preparation of the separation agreement and at the decree inquest. Counsel had an opportunity at the time he presented the separation agreement for incorporation into the decree to request a hearing. Despite the fact that he was the proponent in other cases of the proposition that a hearing was mandatory, he made no such contention here. (Harper v. Harper, 38 A D 2d 971, supra; Behren v. Behren, 72 Misc 2d 70, supra.) This is not intended to be a reflection on counsel. He had adequately represented his client. However, since he has been awarded counsel fees in the representation of both plaintiff and the children in the divorce action, the imposition of the fee would amount to an unjust and unwarranted duplication of compensation.
This is the decision required under subdivision (b) of CPLR 4213. Accordingly, a short-form order has been signed simultaneously herewith.