Charles F. Graney, J.
The petitioner mother and respondent father were divorced by a judgment of the Supreme Court, Erie County, granted to the respondent herein on May 2, 1974. The divorce was based on a separation agreement entered into by the parties on November 14, 1972. The divorce decree incorporated, but did not merge, this separation agreement which was amended in certain particulars by the parties on the occasion of their appearance in Supreme Court on April 22, 1974. The agreement provided for alimony and for support of the parties’ three daughters aged 13, 9 and 4 years.
The petitioner remarried in September of 1974, at which time the respondent stopped payments of alimony in accordance with his interpretation of the divorce decree. The petitioner immediately filed an application for modification of the Supreme Court decree in this court pursuant to section 466 (subd [c], par [ii]) of the Family Court Act, alleging a substantial change of circumstances. On the hearing date, and prior to commencement of the hearing, the petitioner filed an amended application for modification with the consent of the respondent. The petitioner was examined and cross-examined *502 at length. At the end of her testimony the petitioner rested and the respondent moved to dismiss the application.
The amended application sets forth two grounds for modification based on change of circumstances. Paragraph 5 (d) alleges the usual grounds for modification of the financial terms of a child support order, viz., that the father’s income has substantially increased and that the cost of supporting the children has substantially increased. Either element by itself, if established, can support an upward modification of child support. (Handel v Handel, 32 AD2d 946, affd on other grounds 26 NY2d 853; 2 Foster and Freed, Law and the Family-New York, § 26:25.) The petitioner presented no evidence to support her allegation that there had been a substantial increase in the respondent’s income since the date of the divorce decree. Neither did the petitioner offer any proof that the needs of the children had increased since that time. The evidence to support her contention that the cost of supporting the children had increased was limited to reference to the recent rapid increase in the cost of living. This, by itself, does not amount to a substantial change of circumstances requiring a modification of the support order herein (Schine v Schine, 45 AD2d 687; Matter of Kern v Kern, 65 Misc 2d 765). The respondent’s motion to dismiss the application to modify so far as it is based on paragraph 5 (d) of the amended application is granted.
The separation agreement, as incorporated in the divorce decree, provided that the respondent pay to the petitioner the sum of $3,900 per year at the rate of $75 per week as "basic alimony”; further, he was to pay "additional alimony” in the sum of $1,620 per year at the rate of $135 per month to be used for the payment of mortgage principal and interest and real estate taxes on certain premises; further, he was to pay the sum of $3,900 per year for the support of the three children at the rate of $75 per week. The respondent was also to pay the educational, medical and dental expenses of the children. The mother was granted custody of the children. The agreement further provided that, in the event the petitioner remarried, the respondent’s obligation to pay basic alimony and additional alimony should immediately cease.
Petitioner’s second ground for modification, contained in paragraphs 5 (a), (b) and (c) of the amended petition, refers to the mother’s loss of alimony in the amount of $457.50 per month as a substantial change of circumstance. The court *503 agrees that, objectively speaking, the termination of alimony payments does constitute a substantial change of circumstances for the petitioner. But can this type of change provide a basis for modification? Petitioner initially contends that the loss of this income diminishes her ability to maintain the children and thus entitles them to an increase in support payments from the father. (It should be pointed out that a child’s cause of action for increased support from its father rests in the mother when she is the custodian of the child. [Kleiner v Sanjenis, 46 AD2d 617]). This argument must be rejected. Alimony is granted for the support of the ex-wife and when she remarries this obligation is assumed by the new husband. Presumably the current husband is supporting the petitioner to the extent of the forfeited alimony payments. The petitioner then argues that the alimony she received from the respondent was used, at least in part, for child support and that this is not an obligation of the stepfather. Further, she argues that she was obligated to so use it, and refers to paragraph 3.3 of the agreement which reads as follows: "wife shall, out of basic alimony and additional alimony, if any, provide for all of the needs of the children until such children shall become emancipated”. The court finds, for the purpose of deciding respondent’s motion, that the petitioner did use substantial portions of her alimony income to provide for the children’s needs. However, as the respondent points out, the loss of alimony by remarriage was foreseen and provided for in the separation agreement and was presumably considered by the court when it approved its incorporation in the divorce decree. Even if not explicity spelled out, the provision for remarriage is implicit in every divorce decree that allocates payments between alimony and child support, since remarriage of the wife terminates her right to receive alimony payments. (Domestic Relations Law, § 248.) While orders that attempt to provide for future contingencies are not favored (see Matter of Stolls v Cabot, 45 AD2d 1014), this court is not inclined to suggest a rule that would make the issue of child support automatically reviewable in every case upon remarriage of the mother. Since the only change of circumstance herein, the loss of alimony upon the remarriage of the petitioner, was provided for by the divorce decree, the court concludes that there is no substantial change of circumstance that can support a modification of child support. The petitioner’s application to modify must, therefore, be dismissed.
*504 Although the petitioner’s application must be dismissed, she raises further questions which deserve comment and suggest another avenue for relief. The petitioner contends that minor children are not parties to a separation agreement executed by their parents and that the courts are not bound by the support provisions contained in a separation agreement, but are required to provide for the support and welfare of minor children as justice requires. (Moat v Moat, 27 AD2d 895; Kern v Kern, supra; 2, Foster and Freed, Law and the Family — New York, § 28:28.) She further argues that the provision for child support contained in the divorce decree herein is patently inadequate. Minor children are entitled to be supported in accordance with the means of the father and the family’s standard of living prior to the divorce. (Kay v Kay, 45 AD2d 1018; Veneri v Veneri, 40 AD2d 735; 2 Foster and Freed, Law and the Family — New York, § 23:4.) The evidence before the court indicates that child support at the rate of $25 per child per week for the children of the parties herein does not meet this standard for child support, even when the respondent’s obligation to provide educational, medical and dental expenses is considered.
The respondent answers that this is not merely a separation agreement, but a judgment of the Supreme Court as a result of a contested matrimonial proceeding wherein the court was aware of the entire situation in relation to the children and took it upon himself to see that the children were dealt with fairly, and thus its terms cannot be disturbed absent a change of circumstances. The petitioner replies that while there were strenuous negotiations between the parties partially conducted before the court, the divorce case was still presented as a simple default and there was no particular examination by the court of the underlying circumstances and no indication that the court considered the provisions of paragraph 3.3 which indicate an intention of the parties to consider all or part of the alimony to be child support. The petitioner also contends that the award is so out of line that we can presume the court did not make an independent evaluation of child support.
The respondent’s position is sound if in fact there was a contested matrimonial action. As was stated in the Kern case (65 Misc 2d 765, 770, supra), "once having been incorporated into a divorce decree without reservation, the agreement is no longer in question but is now part of a court order that is *505 based upon the prevailing equities” (emphasis added). However, it does not appear to this court from what has been presented that the divorce proceedings in the Supreme Court amounted to a contested matrimonial action or that the court therein made an independent evaluation of the adequacy of the child support provisions of the separation agreement. Although that court may have been aware of some of the extensive negotiations between the parties, it is clear from the transcript of the default proceeding that it was not particularly familiar with the terms of the agreement to be incorporated and questioned the respondent only to the extent of ascertaining the amount of alimony, the amount of child support, and the amount of respondent’s income. At page 8 of the record the court stated "Of course, I have no basis, other than this agreement, as to the support”. The petitioner herein was never examined nor was any inquiry ever made as to the needs of the children. (See, Matter of Blitzer v Blitzer, 46 AD2d 858.) The procedure used was almost identical to that in Steinmetz v Steinmetz (77 Misc 2d 446), where in a de novo hearing was granted by the Supreme Court on the question of child support on the basis that there had been no meaningful inquiry into the adequacy of the child support provisions. The Fourth Department has indicated that parties to a divorce action may not avoid legal requirements by stipulation and a court order based on such a stipulation will be void. (Güilo v Gullo, 46 AD2d 991.) By analogy, if the Supreme Court permits incorporation into a divorce decree, by stipulation or default, of a separation agreement between the parties which provides a legally insufficient amount of child support, without an independent evaluation of the prevailing equities by the court, the children should have a right to a de novo hearing on the matter of support.
This court has held only that as of the date of the hearing herein there was no change of circumstances which would support petitioner’s application for an upward modification of child support. It is suggested that the other issues raised be presented to the Supreme Court by way of a motion for a hearing de novo on the question of the adequacy of the child support provisions of the divorce decree. It would not be advisable for Family Court to accept jurisdiction of the question of child support if one of the issues is to be the adequacy of procedures used in another court. The court regrets the delay created for the litigants because of our failure to dispose *506 of all the issues raised. It is but another sad example of the unworkability of our present court system wherein there is a partial but not total overlap of authority and responsibility. This situation can only be corrected by knowledgeable and realistic court reform.