Alfred J. Weiner, J.
*92 ISSUE
This proceeding has been referred to this court from the Supreme Court.
The issue presented for determination in this proceeding to modify the judgment of divorce by increasing the child support, is whether the plaintiff is entitled to a de nova hearing on the issue of the sufficiency of the child support amounts, or whether a change in circumstances must first be shown before the judgment of divorce can be modified.
FACTS
An uncontested divorce was granted to the plaintiff on August 27, 1976. A separation agreement entered into between the parties on May 23, 1975 was incorporated and not merged therein. Child support payments in the sum of $17.50 per week for each of two children was specified in the agreement. However, also in the agreement it was specifically indicated by the plaintiff that she did not acknowledge the sufficiency of the aforesaid child support. Page 9 of the agreement reads: "The wife does not acknowledge the sufficiency of said support payment to maintain herself and the said children and expressly reserved herein the right to such an increase of the said amount by any legal remedy that is presently or in the future may be available to her; nor shall the wife’s acceptance of the said weekly sum be construed as an admission on her part that the said sum adequately measures the needs of herself and those of the said children.”
On February 13, 1976 plaintiff moved in the Supreme Court, Rockland County, by order to show cause and pursuant to sections 240 and 237 of the Domestic Relations Law for an order modifying the judgment of divorce by increasing the amount of child support to a "proper and reasonable sum.”
Based upon the consent of the parties and their attorneys, the proceeding was transferred to this court by order entered April 27, 1976.
It has been stipulated by the parties that at the time the judgment of divorce was granted, the Supreme Court made no inquiry whatsoever into the adequacy of the sums provided for child support in the separation agreement and incorporated same into the divorce decree without comment.
It has been further stipulated and agreed by the parties *93 that there have been no significant changes in circumstances since the entry of the divorce decree.
Plaintiff argues that she is not seeking a modification based upon a change of circumstances but is before the court testing the sufficiency of child support in "the first instance.”
Defendant, argues that to modify the decree there must be a showing that there was a change in circumstances since the entry of the decree. Absent such a showing, the proceeding must be dismissed as a matter of law.
LAW
The courts have ruled that a party seeking a modification in a support order must show a "substantial change in circumstances.” (Kover v Kover, 29 NY2d 408; Brody v Brody, 22 AD2d 646, affd 19 NY2d 790; Presberg v Presberg, 285 App Div 1134.)
As stated in the Kover case (supra, p 413), "This accords with the fundamental principle that litigation must have an end and that a court, having performed its function, may not lightly be asked to do it all over again.”
The general rule with regard to the upward modification of an award for the support and maintenance of children is that a change of circumstances and conditions must be shown to have occurred since the time of the entry of the order. An increase in the needs of the children (Commissioner of Welfare v Belgrave, 16 AD2d 771; Zlotlow v Zlotlow, 1 AD2d 821) or an increase in the father’s income (Alence v Alence, 250 App Div 730) have repeatedly been held to be sufficient changes in circumstances to justify modification of the award.
JURISDICTION
The Family Court of the State of New York is a court of limited jurisdiction (NY Const, art VI, § 13) and as such can exercise only those powers specifically granted to it.
Family Court Act (§ 461, subd [c]) provides in relevant part that if "In an action for divorce * * * in the supreme court, the supreme court * * * may refer an application for * * * permanent support * * * of a child of the marriage to the family court. If the supreme court so refers the application, the family court shall have jurisdiction to determine the application with the same powers possessed by the supreme court”.
*94 This court, therefore, finds that because the proceeding was referred from the Supreme Court that this court possesses the necessary jurisdictional authority to make a proper determination.
FINDINGS
However, it appears to this court from what has been presented to it and stipulated before it that the divorce proceedings in the Supreme Court were not contested and that no independent evaluation of the adequacy of the child support provisions of the separation agreement was made. (See Matter of Blitzer v Blitzer, 46 AD2d 858.)
The procedure used was almost identical to that in Steinmetz v Steinmetz (77 Misc 2d 446) where a de nova hearing was granted by the Supreme Court on the question of child support on the basis that there had been no meaningful inquiry into the adequacy of the child support provisions.
The Fourth Department has indicated that parties to a divorce action may not avoid legal requirements by stipulation and a court order based on such a stipulation will be void. (Gullo v Gullo, 46 AD2d 991.) By analogy, if the Supreme Court permits incorporation into a divorce decree, by stipulation or default, of a separation agreement between the parties which provides a legally insufficient amount of child support, without an independent evaluation of the prevailing equities by the court, the children should have a right to a de nova hearing on the matter of support.
Defendant’s contention that this court could not entertain a petition for a modification of a judgment of divorce absent a showing of changed circumstances would be proper if a new petition seeking such relief were filed directly with this court.
Family Court Act (§ 461, subd [b]) provides in relevant part that: "If an order of the supreme court * * * requires support of the child, the family court may * * * (ii) entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order.” (Emphasis supplied.)
Therefore, this court finds that as a matter of law the children who are the subject of this proceeding are entitled to *95 a hearing as to the adequacy of the support their parents have contracted for and have agreed to provide.
This court grants plaintiffs application for a de nova hearing by virtue of the jurisdiction conferred upon this court by the referral from the Supreme Court. (Family Ct Act, § 461, subd [c].)
Therefore, the clerk of the court is directed to schedule the matter at the earliest convenient date.