OPINION OF THE COURT
Allan Dixon, J.
These matters come before the court on two petitions filed by Jeanette Connolly. In docket number 316-F-77, the petitioner seeks an order of support against her second husband, Michael Connolly. In docket number 463-R-77, the petitioner seeks to modify a judgment of divorce entered against the respondent, Richard Speanburg, the petitioner’s first husband.
The petitioner obtained a judgment of divorce against the respondent, Richard Speanburg, in September of 1971. The judgment provides that the respondent, Richard Speanburg, shall pay the sum of $10 per week for the support of each of his four children. The final judgment of divorce, however, does *600 not provide for referral of the support proceeding to the Family Court under subdivision (c) of section 461 of the Family Court Act; nor does it provide that the Supreme Court retains exclusive jurisdiction to enforce or modify the judgment under section 461 (subd [b], par [ii]) of the Family Court Act. It has also been determined by this court that no change of circumstances existed at the time this petition was filed, so as to justify modification of the judgment of divorce pursuant to section 461 (subd [b], par [ii]) of the Family Court Act. The issue in the case of the respondent, Richard Speanburg, becomes whether this court may conduct, under the circumstances, a de novo determination of the issue of the adequacy of support contained in a judgment of divorce entered by the Supreme Court absent a change in circumstances under section 461 (subd [b], par [ii]) of the Family Court Act, or a referral of such matter from the Supreme Court under subdivision (c) of section 461 of the Family Court Act.
Since the Family Court of this State is a court of statutory jurisdiction, the power to act must be found either expressly or impliedly within the statutes governing its operation. It is this court’s opinion that implied in section 461 (subd [b], par [ii]) is the power to conduct a de novo hearing where the Supreme Court failed to inquire into the adequacy of the support provisions contained in its judgment of divorce.
Section 461 (subd [b], par [ii]) of the Family Court Act provides in relevant part: "(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may * * * (ii) entertain an application to modify such order on the ground that changed circumstances requires such modification”.
Subdivision (b) of section 461 of the Family Court Act contemplates that a full and fair hearing be conducted in the determination of support by either the Supreme Court or another court of competent jurisdiction. (Behren v Behren, 72 Misc 2d 70.) It has also been established that the requirement of "changed circumstances” found in section 461 (subd [b], par [ii]) exists because "litigation must have an end and that a court, having performed its function, may not lightly be asked to do it all over again.” (Kover v Kover, 29 NY2d 408, 413; Brody v Brody, 22 AD2d 646, affd 19 NY2d 790.) It is this court’s position that the full and fair hearing requirement and the policy of finality must be read together, and that if a full and fair hearing was found not to be held by the Supreme *601 Court, or another court of competent jurisdiction, the requirement of having to find changed circumstances is inapplicable. In other words, the modification requirement of "changed circumstances” relies upon the fact that a full and fair hearing on the issue of support was conducted and therefore, if it is found that a full and fair hearing was not conducted the modification requirement ceases to have meaning and therefore, may be disregarded as a matter of construction. In such a case, the statute must then be read to say: if an order of the Supreme Court or of another court of competent jurisdiction requires support of the child, the Family Court may entertain an application to modify such order. (Contra see Weinel v Weinel, 89 Misc 2d 91; Matter of Dunn v Wescott, 81 Misc 2d 501.)
Further foundation for the proposition that courts of this State may engage in de novo inquiries into support provisions contained in judgments of divorce of the courts of this State, where the court entering the judgment, did so without an inquiry into the support provisions contained within the judgment can be found in Steinmetz v Steinmetz (77 Misc 2d 446). The court in Steinmetz, per Judge Burstein, held that past precedent dealing with the New York court’s power to engage in de novo review of support determinations contained in foreign judgments of divorce (p 448) "seems to be sufficient precedent for holding a hearing, de novo, where a decree by our courts has been entered without an inquiry concerning support provisions.”
On the facts of the case at bar and after review of the minutes of the divorce inquest held in the Supreme Court in and for Rensselaer County, this court finds that the support provisions contained in the judgment of divorce between Connolly and Speanburg was not arrived at after a full and fair hearing on the issue of support vis-á-vis the needs and requirements of the minor children of the marriage. Given this finding, this court after de novo review of all relevant factors determines that the support obligation of the respondent, Richard Speanburg, should be set at $60 per week for the support of his four children.
As to the other petition of Mrs. Connolly, praying for an order of support against her second husband, Michael Connolly, this court finds that his support obligation should be set at $45 per week — $20 of such amount being allocated for the support of the petitioner and $25 thereof being allocated for *602 the support of the child of their marriage. In each of the cases, the weekly payments shall be made to the Rensselaer County Support Collection Unit for remittance to the petitioner and the first of such payments shall be made March 24, 1978 and shall be for the week commencing March 19, 1978.