■ CAROLYN B. BURNS, Respondent, v ROBERT J. BURNS, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: By a judgment of divorce dated November 12, 1976 the marriage of the parties was dissolved, custody of their five children was awarded plaintiff and defendant was directed to pay to plaintiff $128.65 weekly for the support of the children. The judgment further provided that the terms of a stipulation entered into by the parties October 5, 1976 be incorporated in the judgment. By the stipulation the defendant agreed to pay the sum of $128.65 per week as child support for the five children, modifying paragraph 16(a) of a separation agreement between the parties which provided for weekly payments of $82.50 for the support of the children. The agreement by paragraph 16(b) provided that the child support should be abated on a pro rata basis upon legal emancipation of each child. Five months following entry of the judgment one of the five children having attained age 21 and defendant having reduced his support payment pro rata by one fifth, plaintiff brought on this application to modify or enforce the judgment of divorce by increasing or maintaining the child support payments at not less than $128.65 weekly and to secure the arrears in payments withheld by defendant unilaterally. Plaintiff having failed to make any showing of a significant change in the circumstances of the parties since the judgment of divorce, the court properly could not modify the judgment as it relates to child support by ordering payment of $32 per week for each minor child. As directed by the judgment, in accordance with the provisions of the stipulation and agreement of the parties, the child support provisions in the amount of $128.65 for the five children of the parties abated on a pro rata basis upon each child reaching age 21 and thus defendant was in full compliance in reducing the support payments by one fifth when one child attained age 21 two months after the entry of the judgment of divorce. (Appeal from order of Onondaga Supreme Court—modify divorce decree.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.