■ EILEEN M. SALINA, Respondent, v EDWARD A. SALINA, Appellant.— In a proceeding pursuant to article 4 of the Family Court Act for an upward modification of the alimony and child support provisions contained in a judgment of divorce of the Supreme Court, Suffolk County, dated October 18, 1976, the husband appeals from so much of an order of the Family Court, Suffolk County, entered January 24, 1979, as increased total child support payments from $50 per week to $80 per week. This court deems the notice of appeal from the above-noted order to also be from a second order of the same court, entered January 24, 1979, which directed the appellant's employer to deduct from his wages the sum of $210 bi-weekly, representing his total responsibility for alimony and child support. Order containing provision granting an increase in the child support payments reversed insofar as appealed from and said provision deleted, without costs or disbursements. Payroll deduction order reversed, without costs or disbursements, and matter remanded to the Family Court for a new hearing consistent herewith. The evidence presented to the Family Court was inconclusive as to any changed circumstances in the husband's financial condition and the children's needs which would warrant granting an upward modification of child support payments. Inasmuch as the parties appeared pro se at the original proceeding, upon rehearing (1) the wife shall be given the opportunity to present such additional proof as she may then have acquired to establish the basis for an upward modification of child support payments and (2) the parties shall comply with section 250 of the Domestic Relations Law regarding the disclosure of financial information. The foregoing is without prejudice to the wife's application for reinstatement of the payroll deduction order, if the facts and circumstances disclosed at the hearing should warrant the same. Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.