OPINION OF THE COURT
Ruth J. Zuckerman, J.
Before the court in this child support proceeding is respondent’s motion to dismiss the petition, pursuant to CPLR 3211 (subd [a], par 5), on the ground of res judicata in that petitioner’s application for the relief she seeks herein was previously denied by the Supreme Court of Bronx County. The undisputed facts and circumstances surrounding this motion are as follows:
On March 2, 1979, a judgment granting petitioner a divorce from respondent was entered in Supreme Court, Bronx County. The judgment, which contained no provision for child support, expressly stated that “Family Court is awarded concurrent jurisdiction herein.” Thereafter, in the latter part of 1979, petitioner brought a proceeding in Supreme Court to modify the judgment so as to include child support payments for the parties’ adopted daughter, Denise, and their son, Troy.[1] Over the objections of petitioner’s counsel, the court (Silbowitz, J.) by order dated February 19,1980, referred the matter to a special referee *982 to inquire and report with respect to the issues of respondent’s financial status and ability to pay, the needs of the parties, and visitation.
A hearing before the special referee was held on April 24 and April 25, 1980, and in the course of that hearing, petitioner’s counsel called respondent as a witness. In addition, petitioner herself testified, but following her refusal to answer proper and pertinent questions on cross-examination,[2] the special referee granted respondent’s application to strike petitioner’s testimony.
On June 30, 1980, the special referee submitted his report to the Supreme Court, Bronx County. Included in the referee’s report was his recommendation that the petition be dismissed. Thereafter, on August 26, 1980, the Supreme Court, over petitioner’s objection, found “that the findings of fact and conclusions of law set forth in the Referee’s report accord with the preponderance of evidence aduced [sic] at the hearing held before him, and * * * that no issues remain to be tried,”[3] and granted respondent’s motion for an order confirming the special referee’s report, and dismissing the petition to modify the judgment of divorce so as to include child support payments and visitation. A judgment dismissing the petition was also entered on August 26, 1980, and from that judgment, no appeal was taken by petitioner.
On July 11, 1980, respondent herein filed a petition in this court seeking an order of visitation with respect to the parties’ son, Troy.[4] In connection with that petition, on October 24, 1980, the court (Getzels, J.), on consent and without prejudice, made a temporary order of child support of $20 per week, payable by respondent herein. Thereafter, the parties reached an agreement in the visitation proceeding and a final order with respect to visitation was entered by the undersigned on January 9, 1981. In addition, on *983 that day, petitioner filed the instant petition for child support. The support petition included no mention of the Supreme Court proceedings that were dismissed in August, 1980,[5] and contained no allegations of any material change in circumstances subsequent to the dismissal of those proceedings. However, in petitioner’s attorney’s affirmation in opposition to respondent’s motion to dismiss, the following statement appears: “The circumstances of the parties have changed in that the Respondent has not made any child support payment since February 19th, 1979, until October 31, 1980, when Mr. [W.] made his first child support payment in the sum of $20.00.”
At issue on the motion is the question of whether, in the facts and circumstances present here, the Supreme Court’s judgment of dismissal operates as a bar to the determination by this court of petitioner’s action for child support.[6]
Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction generally bars a subsequent action between the same parties on the same cause of action. (See 5 Weinstein-KornMiller, NY Civ Prac, par 5011.07.) As to whether or not, for res judicata purposes, a judgment of dismissal is “on the merits,” some guidance is furnished by CPLR 5013, which states: “A judgment dismissing a cause of action before the close of the proponent’s evidence is not a dismissal on the merits unless it specifies otherwise, but a judgment dismissing a cause of action after the close of the proponent’s evidence is a dismissal on the merits unless it specifies otherwise.”
In the instant cause, the Supreme Court’s judgment dismissing the petition did not expressly state whether or not it was on the merits. However, the Supreme Court’s order upon which the judgment of dismissal was based stated, in pertinent part: “that the findings of fact and *984 conclusions of law set forth in the Referee’s report accord with the preponderance of evidence aduced [sic] at the hearing held before him, and it further appearing that no issues remain to be tried, it is * * * ordered that defendant have judgment dismissing plaintiff’s petition”. From this language, it is clear that the Supreme Court’s judgment of dismissal was entered after the close of petitioner’s case and that pursuant to CPLR 5013, it was a judgment of dismissal “on the merits”.
This conclusion as to the nature of the prior judgment dismissing the petition is in no way altered by the fact that the special referee had granted respondent’s application to strike petitioner’s testimony following her refusal to answer pertinent questions on cross-examination. It is well settled that where a witness, following his direct examination, unjustifiably refuses to answer material questions on cross-examination, the witness’ direct testimony should be stricken. (See, e.g., Gallagher v Gallagher, 92 App Div 138; see, also, 5 Wigmore, Evidence [Chadbourn rev, 1974], § 1391.) In the case at bar, this sanction undoubtedly resulted in, or at least contributed to, the Supreme Court’s determination that the referee’s reported findings of fact and conclusions of law accorded with the preponderance of the evidence. The fact that the sanction imposed by the referee was a drastic one does not, in any way, alter the “on the merits” effect of the judgment of dismissal. Indeed, to hold otherwise would be to permit a litigant subject to such sanctions to flout the trial court’s rulings with impunity, and to circumvent the appellate process as well.
In an effort to overcome the res judicata effect of the Supreme Court’s judgment, petitioner argues that section 413 of the Family Court Act establishes an absolute duty on the part of parents to furnish child support in accordance with their means and the child’s needs. In addition, petitioner contends that pursuant to section 240 of the Domestic Relations Law, the Supreme Court’s judgment would not preclude the reinstitution of an action for child support in the Supreme Court, and that under section 461 of the Family Court Act, which establishes the latter court’s concurrent jurisdiction, a new action for child support may also be commenced in Family Court. Finally, *985 petitioner appears to contend, albeit somewhat elliptically, that because circumstances have changed subsequent to the entry of the Supreme Court’s order of dismissal, the prior judgment does not in any event constitute a bar to these proceedings.
In the circumstances of the instant case, petitioner’s reliance upon section 413[7] of the Family Court Act is misplaced. It is clear that section 413 sets forth a rule of substantive law, and simply does not address the question of the res judicata effect of a Family Court or Supreme Court judgment dismissing a support petition “on the merits.” Although section 240 of the Domestic Relations Law and section 461 of the Family Court Act have a somewhat greater bearing upon the issues raised by the instant motion, the court has concluded, for the reasons set forth below, that petitioner’s reliance upon these statutory provisions is similarly misplaced.
Insofar ás is relevant here, subdivision 1 of section 240 of the Domestic Relations Law provides that where a final judgment in a matrimonial action makes a direction as to the payment of child support, the Supreme Court “may annul or modify any such direction,” and that where a final judgment contains no direction regarding child support, the Supreme Court “may, with respect to * * * any judgment of separation or divorce * * * amend the judgment by inserting such direction.” Section 461 of the Family Court Act, insofar as it is relevant to the instant motion, reads as follows:
“(a) A separation agreement, a decree of separation, and a final decree of judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.
*986 “(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may
“(i) entertain an application to enforce the order requir-ing support; or
“(ii) entertain an application to modify such order on the ground that changed circumstances require such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order”. (Emphasis supplied.)
Prior to the Supreme Court’s “on the merits” dismissal of petitioner’s child support proceeding, it is clear that pursuant to section 240 of the Domestic Relations Law as well as subdivision (a) of section 461 of the Family Court Act, petitioner was free to bring a proceeding for an initial order of child support in either court. It is also clear that if the Supreme Court had entered an order directing the payment of child support, petitioner ordinarily would be required to allege and prove the existence of changed circumstances subsequent to the entry of that order in any proceeding for modification brought either in that court or, pursuant to subdivision (b) of section 461 of the Family Court Act, in Family Court.[8] The implicit thrust of petitioner’s argument, however, whether addressed to section 240 alone, or to both that section and subdivision (a) of section 461, is that since no order directing that respondent pay child support was ever made, the Family Court, as well as the Supreme Court, must ignore, for res judicata purposes, the “on the merits” nature of the Supreme Court’s judgment of dismissal. Accordingly, so long as no order requiring respondent to pay child support has been made, petitioner claims to be entitled to a de novo hearing in *987 either court, notwithstanding her failure to allege changed circumstances, or some other ground, such as newly discovered evidence,[9] for a de novo hearing.
Neither section 240 of the Domestic Relations Law nor section 461 of the Family Court Act expressly addresses the question of the effect of an “on the merits” dismissal of a proceeding brought to amend a final judgment so as to include some direction as to child support upon a subsequent proceeding in which the same relief is sought.[10] However, although the instant case could be viewed as coming within the literal language of subdivision 1 of section 240 of the Domestic Relations Law and subdivision (a) of section 461 of the Family Court Act, it would be contrary to common sense and public policy for this court to mechanically apply these provisions in the facts and circumstances of the instant case. Instead, the court holds that where, as here, a petition for child support has been dismissed “on the merits” after a full and fair hearing, a subsequent proceeding will be barred unless petitioner alleges and proves either a material change in circumstances, or newly discovered evidence, or some other compelling basis for overriding the ordinary rules of res judicata.
It is, of course, clear that the ordinary rules of res judicata are not applied inexorably in child support and spousal support proceedings which, by their very nature, often involve fluctuating situations. (See, e.g., Matter of Davidow v Davidow, 97 Misc 2d 220.) It does not follow, however, that judicial determinations with respect to child support are continually and repeatedly subject to modification merely at the behest of the disappointed litigant. As the court stated in Matter of Medici v Medici (53 Misc 2d 826, 827): “To permit the modification of a court order except through appeal or through * * * change of circumstances would make every order uncertain and in effect a *988 temporary one, thereby destroying any semblance of finality in the court order. To permit otherwise would foster continual relitigation concerning a matter fully resolved.”
Similarly, in Matter of Connolly v Speanburg (93 Misc 2d, 599, 600), the court reasoned that with respect to modification of outstanding orders of support, the requirement of changed circumstances “exists because litigation must have an end and that a court, having performed its function, may not lightly be asked to do it all over again.’ ” Thus, it is well settled that with respect to modification of an existing order of support, “One Judge should not reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction. * * * The law enunciated by the first Judge is not merely his individual opinion but rather the law to be followed upon similar facts until a different rule is laid down by an appellate court * * * The first Judge’s decision is the law of the case and binding upon all courts of co-ordinate jurisdiction which 'may not arrogate to themselves powers of appellate review’. * * * Contemplating the unique characteristics of a support order, a Family Court Judge has only the right, and duty, to modify or vacate a prior order of another Family Court Judge on proof of a material change of circumstances occurring since the prior order was made.” (Matter of Schaus v Scott, 90 Misc 2d 887, 889-890.)
The cases accordingly make clear that a prior order will not be modified or vacated absent either a showing of material change in circumstances (see, e.g., Matter of Gershowitz v Gershowitz, 35 AD2d 816) or newly discovered evidence (see, e.g., Matter of Wareham v Wareham, 34 AD2d 647, supra). These rules, in effect, strike a balance between, on the one hand, the interests in finality and judicial economy which underlie the doctrine of res judicata, and, on the other, a recognition of the potentially dynamic nature of the facts and circumstances relating to the issue of support.
Where a dismissal of a support petition is “on the merits” following a full hearing, the same interests in finality clearly are present, and no reason appears for concluding that the rules of res judicata have no role whatsoever to play. Indeed, if, based upon the “plain meaning” of subdivi *989 sion 1 of section 240 of the Domestic Relations Law and subdivision (a) of section 461 of the Family Court Act, the above-stated rules were held to be inapplicable in cases, such as the present one,. in which a petition has been dismissed “on the merits”, the results that follow would be anomalous. Under the rule for which petitioner argues, a disappointed litigant, instead of appealing from the judgment of dismissal, or moving for a rehearing or other relief from the judgment of dismissal,[11] would be free to ignore the prior judgment and simply start a new proceeding. The impropriety of any such attempt to bypass the appellate process, and to obtain, in effect, a “rehearing” in the Family Court of a cause of action identical to that dismissed by the Supreme Court thus is plain.
On the facts of this case, and after a review of the special referee’s report and recommendations, as confirmed by the Supreme Court, it is clear that petitioner had an opportunity for a full and fair hearing on the issues relative to child support, and that petitioner deliberately attempted to frustrate the fact-finding process by her refusal to answer questions as to her bank accounts, among other things. It would be completely irrational to conclude that the interests in finality are present only where the first proceeding (whether it occurred in Supreme Court or in Family Court), resulted in an order requiring payment of at least some child support, and, per contra, that where a judgment dismissing the petition for support on the merits has been entered, there is no limitation on the right to reinstitute a proceeding. Accordingly, insofar as the petitioner in the instant case is seeking to litigate the identical cause of action as that which was dismissed pursuant to the Supreme Court’s judgment of August 26,1980, the rules of res judicata operate as a bar to this proceeding.
The only question that remains is whether petitioner has alleged a material change in circumstances sufficient to overcome the otherwise applicable defense of res judicata.
As was previously noted, no mention was made in the present petition of the prior proceeding for child support that was dismissed by the Supreme Court. Moreover, petitioner affirmatively (and inaccurately) stated in her peti *990 tion that no previous proceedings had been brought.[12] In light of this factual misstatement, it is not surprising that the petition failed to allege any change in circumstances — material or otherwise — subsequent to the Supreme Court proceedings. In an apparent effort to overcome this defect, petitioner’s attorney, in his affirmation in opposition to the motion to dismiss, alluded, for the first time, to “changed circumstances” in the following statement: “The circumstances of the parties have changed in that the Respondent has not made any child support payment since February 19th, 1979, until October 31,1980 when Mr. [W.] made his first child support payment in the sum of $20.00.”
In view of the fact that (1) the divorce judgment was entered in February, 1979, (2) the petition for modification was filed in Supreme Court in the latter part of 1979, (3) the matter was referred to and heard by the referee in February and April, 1980, and (4) the Supreme Court’s judgment dismissing the petition was entered in August, 1980, it is clear that respondent’s alleged failure to pay support from February, 1979 until October, 1980, cannot, as a matter of law, be deemed a material change in circumstances arising subsequent to the Supreme Court proceedings.
Since petitioner’s previous application for child support was dismissed on the merits by the Supreme Court, and since neither the present petition for child support nor the papers presented to this court in opposition to the motion to dismiss alleges an intervening material change in circumstances or any other ground for a de novo hearing, the judgment of the Supreme Court operates as a bar to this proceeding. Accordingly, respondent’s motion to dismiss the petition is hereby granted without prejudice to petitioner’s right to institute a proceeding for child support when and if she is able, in good faith, to allege either a material change in circumstances, which circumstances, must, of course, also be capable of proof at trial;[13] newly *991 discovered evidence, or some other compelling ground for a de novo hearing.
The temporary order of child support is hereby terminated.

. In the present proceeding petitioner is seeking support only for the child Troy.

. The special referee’s report states that “Plaintiff refused to answer any questions on cross examination as to whether the child Denise [who was then 19% years old] lived with someone by the name of Rhoden and any questions as to her bank accounts on the advice of her counsel.”

. W. v W., Supreme Ct, Bronx County, Docket No. 3127/79 (order confirming report on referee).

. Matter of Troy W., Family Ct, Bronx County, Docket No. V-2250/80.

. Moreover, paragraph 6 of the petition incorrectly stated that, “No previous application has been made to any court or judge for the relief herein requested except V-2250/80. On 10/24/80 temporary order of support entered for the sum of $20.00 per week”.

. The temporary order of child support initially made in connection with the visitation proceeding was continued in effect pending decision on respondent’s motion to dismiss.

. Section 413 of the Family Court Act states that “The parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s support a fair and reasonable sum according to their respective means, as the court may determine and apportion.”

. Unlike subdivision (b) of section 461 of the Family Court Act, subdivision 1 of section 240 of -the Domestic Relations Law is silent with respect to the standard to be applied when modification of a previous child support order is sought. However, case law construing and applying section 240 makes clear that as a general rule, an existing Supreme Court order for child support is subject to modification only upon proof of a change in circumstances. (See, e.g., Burns v Burns, 64 AD2d 1019.) However, the requirement of proof of changed circumstances has been relaxed where the initial Supreme Court support order was entered without a full and fair hearing. (See Matter of Connolly v Speanburg, 93 Misc 2d 599; cf. Matter of Weinel v Weinel, 89 Misc 2d 91.)

. See, e.g., Matter of Wareham v Wareham, 34 AD2d 647; cf. Salina v Salina, 74 AD2d 899 (where parties appeared pro se at original proceeding in which mother’s proof of changed circumstances was insufficient, on rehearing she shall be given opportunity to present such additional proof as she may then have acquired to establish basis for upward modification of child support payments).

. Nor have any reported cases been found in which this issue has been directly addressed.

. See CPLR 5015.

. See n 5 and accompanying text.

. In a further effort to avoid the application of the rules of res judicata, petitioner’s counsel points out that in the prior Supreme Court proceedings, the special referee had also been directed to inquire and report on the issue of visitation, and that the Supreme *991 Court’s judgment of dismissal encompassed that issue as well. Counsel contends that since the issue of visitation was subsequently determined by the Family Court in the proceedings referred to in footnote 4, it follows that with respect to both support and visitation, the judgment of dismissal is without res judicata effect. The short answer to this argument is that res judicata is an affirmative defense, and that if petitioner (as respondent in the visitation proceeding in Family Court) failed to raise the defense of res judicata prior to entry of the final consent order of visitation, such defense was waived, and thus counsel’s failure to have raised the defense of res judicata in the visitation proceeding is of no significance whatever in the instant case.