■ STEPHENSON LUMBER COMPANY, INC., Respondent, v F & K SUPPLY, INC., Appellant. [642 NYS2d 431] —Mikoll, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered July 18, 1995 in Warren County, which, *inter alia*, denied defendant's motion to vacate a default judgment entered against it.

Plaintiff is a manufacturer and distributor of custom roof and floor truss systems. Defendant is a supplier of building and other materials. In 1987, defendant became a materials sup-

plier for a condominium construction project. He also entered into a subcontract with plaintiff to provide the floor trusses for the project. Following disputes between the parties in connection with this project, plaintiff commenced this breach of contract action in December 1989 seeking recovery of money allegedly owed for materials supplied. After issue was joined, the matter was adjourned several times by defendant.

On November 1, 1994, the parties finally went to trial. Plaintiff proceeded to present its case-in-chief but, because of an alleged problem with one of defendant's witnesses, the trial was adjourned to continue on December 21, 1994. Defendant, citing further problems with various witnesses, sought and was granted several more adjournments. On January 18, 1995, plaintiff formally rested its case and defendant's president, Steven Aaron, testified. When trial ended for the day, plaintiff had not completed its cross-examination of this witness. After another adjournment at the request of defendant, the balance of the testimony was scheduled to be heard on June 14, 1995. However, the afternoon before this date, defendant's counsel informed plaintiff that Aaron would probably not testify because of his involvement in "negotiations" in an unrelated matter and another adjournment was going to be requested. After hearing arguments from both counsel the next day, however, Supreme Court awarded plaintiff judgment by default in the sum of $16,438.94 and granted plaintiff counsel fees, costs and disbursements. Defendant moved to vacate this default and the motion was denied. Defendant now appeals.

In our view, defendant correctly argues that Supreme Court erred in granting plaintiff a default judgment in this case. There is no dispute that defendant, despite its blatant delaying tactics in this lawsuit, nevertheless participated in the trial and appeared through its attorney on June 14, 1995 (*see,* CPLR 321 [a]). At no time on that date did defense counsel indicate that defendant was unable to proceed with the trial in the absence of Aaron, who, while certainly a witness under defendant's control, was not a party (*see,* 22 NYCRR 202.27). There is no question from the proof on the record that Supreme Court did not abuse its discretion in denying defense counsel's request for a further adjournment on that date (*see, e.g., Le Jeunne v Baker,* 182 AD2d 969). Notably, when Supreme Court denied the adjournment request and indicated that it was considering granting plaintiff's request for a default judgment, defense counsel requested the court to instead consider the

matter on the record already presented.* While Supreme Court went on to grant plaintiff's request, we are of the view that the court should have instead stricken Aaron's testimony (*see, Matter of Neita W. v Canute W.*, 114 Misc 2d 981, 984; *see also, Gallagher v Gallagher*, 92 App Div 138) and asked defendant if there was any other proof to be presented at that time. Once all available proof was before the court, only then should judgment have been awarded to the prevailing party. Consequently, the default judgment in plaintiff's favor must be vacated and the matter remitted to Supreme Court.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, default judgment vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

* In its brief, defendant also indicates that it had other proof, including deposition testimony from an unavailable witness, that could have been submitted had Supreme Court allowed it the opportunity to do so.