84 N.J. Super. 232 (1964)
201 A.2d 581
SARAH E. HIGGINBOTHAM, PLAINTIFF,
v.
EDWARD HUGHES HIGGINBOTHAM, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 11, 1964.
*234 Mr. John G. Dluhy, attorney for plaintiff
Messrs. Lieblich & Cole, attorney for defendant (Mr. Herbert A. Vogel, of counsel).
PASHMAN, J.S.C.
This is a motion by plaintiff for summary judgment to enforce a lump sum alimony decree awarded by a Florida court. Plaintiff and defendant were husband and wife and owned two attached houses on East 7th Street in Clifton, each containing apartments. The parties moved to Florida, and plaintiff wife there secured a divorce on November 26, 1963. Defendant appeared in the action, but he says that he did not actively litigate same. The Florida court ordered a lump sum alimony payment by defendant and the conveyance by him to plaintiff of the real property in Clifton. As part of the lump sum alimony award, the court ordered the following personal property to be conveyed to plaintiff: the furniture in the Clifton property, a trailer, and one-half of the monthly income from July through November 1963 received by defendant from an insurance agency which was jointly operated by the parties. The court ordered the latter payments because defendant owed arrearages for temporary alimony payments. Defendant has complied with the order only to the extent that he has conveyed the trailer.
The Florida decree originally provided that a writ of ne exeat be entered against defendant and that he post a $2,500 bond. However, defendant was released in the custody of his Florida attorney. He then fled the State of Florida, in violation of the writ of ne exeat, and established himself in a basement apartment in the Clifton property. After defendant fled the jurisdiction, the Florida court appointed a special master in Chancery to convey the real and personal property in Clifton to plaintiff. The master executed a deed to plaintiff. By affidavit, plaintiff's Florida attorney says no appeal has been taken from the decree within 60 days as required by Fla. Stat. Ann. § 59.08. Fla. Stat. Ann. § 65.08 authorizes lump *235 sum alimony payments. None of these facts is disputed by defendant.
The action is being heard in this court rather than in the Matrimonial Division because it was commenced by complaint and order to show cause to restrain defendant from interfering with the real property or disposing of the furniture. Defendant counterclaimed for partition of the real property and consented to the temporary restraints.
The only material factual dispute concerns the amount due to plaintiff as her share of the profits from the insurance agency for the months of July through November 1963. Plaintiff argues that she is entitled to one-half of all the renewal premiums from the insurance agency. She also alleges by way of affidavit that the business was sold by defendant for $50,000 and that she is entitled to one-half of the proceeds. Defendant denies that the business was sold and states that his current annual income is only $2,000 from renewal premiums and that he cannot work due to a heart condition. This court has a copy of the Florida decree which only requires defendant to pay plaintiff one-half of the renewal premiums for the previously specified months. Plaintiff's claim for any greater sum is groundless.
The starting point on any motion for summary judgment is the express language of R.R. 4:58-3 which states that:
"The judgment or order shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law."
The movant has the burden of excluding any reasonable doubts, and all inferences which emanate from such doubts are to be resolved in favor of the opponent of the motion. United Advertising Corp. v. Borough of Metuchen, 35 N.J. 193 (1961); Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400 (1958). The only factual issue in the case sub judice relates *236 to the question of the amount due to plaintiff from the insurance business. Summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. R.R. 4:58-3.
The general rule is that a sister state can enforce an alimony decree rendered in another state where past-due installments are due and not subject to modification by further court order. This is so even where future payments are subject to modification by court order. But an alimony decree is not final, and therefore not entitled to full faith and credit, if the past-due installments are retroactively subject to modification or recall by the court after their accrual. See Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); Hudson v. Hudson, 36 N.J. 549 (1962); Whitehead v. Villapiano, 16 N.J. Super. 415 (App. Div. 1951); Paramore v. Paramore, 32 N.J. Super. 491, 494 (App. Div. 1954). See also Woodhouse v. Woodhouse, 17 N.J. 409, at pages 415-17 (1955), where these principles were reiterated and the court further stated that in order to enforce such judgments, the court granting it must have jurisdiction over the subject matter as well as the parties.
The defendant admits that the Florida decree is final and not subject to recall or modification. There is no question as to the jurisdiction of that court over the parties. Plaintiff is undeniably entitled to the furniture in New Jersey as well as an accounting for one-half of the profits from the real estate business for the months stated in the Florida decree. The amount due can be determined at a later hearing. As to these items there are palpably no genuine issues of material fact, and plaintiff is entitled to a judgment as a matter of law.
The issue concerning the real property presents a different problem. Plaintiff alleges that this court has the power to declare that she is the owner of the property subject to a mortgage (of which defendant would be relieved of payment). Plaintiff further alleges that defendant is estopped from attacking *237 the Florida decree because of fraud and unclean hands.
Both plaintiff and defendant rely on the United States Supreme Court case of Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). In that case the plaintiff was married to one E.W. Fall. He sued her for divorce in the State of Washington. She denied the allegations in the complaint and counterclaimed for divorce alleging that their property was community property. She was awarded the divorce and the real property in Nebraska. The husband subsequently went to Nebraska and executed a mortgage on the property to W.H. Fall and deeded the property to one Elizabeth Eastin, the defendant in the case. The wife brought an action in Nebraska to cancel the mortgage and set aside the deed. The husband did not appear in the Nebraska action and was not personally served. After reviewing the authorities the court said:
"But, however plausibly the contrary view may be sustained, we think that the doctrine that the court, not having jurisdiction of the res, cannot affect it by its decree, nor by a deed made by a master in accordance with the decree is firmly established. * * * [T]he well-recognized principle that, when the subject matter of a suit in a court of equity is within another state or country, but the parties within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted. In such case, the decree is not of itself legal title, nor does it transfer the legal title. It must be executed by the party, and obedience is compelled by proceedings in the nature of contempt, attachment, or sequestration.
On the other hand, where the suit is strictly local, the subject-matter is specific property, and the relief, when granted, is such that it must act directly upon the subject-matter and not upon the person of the defendant, the jurisdiction must be exercised in the state where the subject-matter is situated. * * *
This doctrine is entirely consistent with the provision of the Constitution of the United States, which requires a judgment in any state to be given full faith and credit in the courts of every other state. This provision does not extend the jurisdiction of the courts of one state to property situated in another, * * *." (215 U.S., at pp. 11-12, 30 S.Ct., at pp. 1-8, 54 L.Ed., at pp. 70-71)
*238 Plaintiff here seeks to distinguish Fall on the ground that the Washington court did not have jurisdiction over the parties in the divorce suit. However, this is not so. In 215 U.S., at p. 5, 30 S.Ct., at p. 5, the court stated "* * * we must start with a concession of jurisdiction in the Washington court over both the parties and the subject matter." It was the Nebraska court which did not have the power to grant a lump sum real property decree. This was one of the determinative facts in the case. By virtue of the foregoing statements, the court held that Nebraska was not required to give full faith and credit to the Washington decree.
There is a split in authority as to whether a court at the situs of real property will order a conveyance based upon the judgment of a sister state. See cases cited in Annotation 51 A.L.R. 1081 (1927), and Goodrich, Conflicts, § 139, pp. 430-31. The leading cases which answer the question in the negative are Fall v. Eastin, supra, and a New Jersey case  Bullock v. Bullock, 52 N.J. Eq. 561 (E. & A. 1894), affirming 51 N.J. Eq. 444 (Ch. 1893). Many cases in other jurisdictions answer the question in the affirmative. See, e.g., Matson v. Matson, 186 Iowa 607, 173 N.W. 127 (Sup. Ct. 1919), and Weesner v. Weesner, 168 Neb. 346, 95 N.W.2d 682 (Sup. Ct. 1959). In Weesner the court enforced the out-of-state decree ordering a conveyance by a husband in lieu of alimony. Nebraska, apparently as a result of the Fall case, had changed its statute so as to allow lump sum alimony awards of property.
The determinative case for our purposes must be Bullock v. Bullock, supra. In Bullock the parties had obtained a New York divorce and alimony was awarded to the wife. The New York court ordered the husband to execute a mortgage on New Jersey lands to secure the alimony payments. New York had jurisdiction over the parties but the husband refused to execute the mortgage. The wife brought an action in New Jersey to establish an equitable lien on the property and an equitable right to the mortgage. Defendant appeared and the lower court (51 N.J. Eq. 444) granted a motion by defendant *239 to dismiss plaintiff's case. The Court of Errors and Appeals affirmed in a 6-5 decision.
At the outset, our Court of Errors and Appeals questioned the power of the New York court to require defendant to secure payment of alimony, and especially to require a husband to secure the payment of alimony by a charge upon lands lying beyond the territorial jurisdiction of the court. The majority opinion concluded at p. 564 of 52 N.J. Eq. that "it [must be] conceded that the bill properly averred the jurisdiction of the Supreme Court of New York to make the decree and order mentioned in the bill, and copies of which were annexed to and made a part thereof." It was the court's opinion that a money judgment for alimony could be enforced in New Jersey but that the decree concerning the land could not be. The court said:
"* * * the question, upon the solution of which this case must turn is whether the courts of New Jersey must give conclusive effect to the decree or judgment of the courts of New York made in a case where they had acquired jurisdiction of the parties, but affecting land situated here, and disposing of the title thereto in whole or in part. If this question is to be answered in the affirmative, it seems evident that we accord jurisdiction over lands in New Jersey to the courts of other states, and as was said by Chancellor Zabriskie, in Davis v. Headley, supra [22 N.J. Eq. 115], `leave to the courts of this state only the ministerial duty of executing their decree'. For the doctrine that jurisdiction respecting lands in a foreign state is not in rem but only in personam, is bereft of all practical force if the decree in personam is conclusive, and must be enforced by the courts of the situs." (at p. 567)
The court concluded:
"The contention that such an order requiring lands in New Jersey to be charged with alimony created a personal obligation on respondent is, in my judgment, without force. It is a misuse of terms to call the burden thereby imposed on respondent a `personal obligation.' At the most, the decree and order imposed a duty on him, which duty he owed to the court making them." (at p. 569)
Plaintiff seeks to distinguish the Bullock case on several grounds. She says that in Bullock the decree ordering the *240 mortgage was ancillary to the issue of alimony, whereas here the Florida court tried and determined the actual issue of lump sum alimony part of which was the award of the New Jersey property. She also contends that the New York court did not have the power to divide or apportion property. This court fails to see the relevancy as to the latter observation because the opinion is based upon the assumption that the New York court had the power and jurisdiction to do what it did. Plaintiff's first contention is also devoid of merit, because even if the New York decree in Bullock was ancillary to the divorce, this was not the reason why the New Jersey court refused enforcement. The court clearly enunciated the policy of our State not to recognize foreign decrees which affect New Jersey real estate.
The court has sought to find valid distinctions between the instant case and Bullock but has been unsuccessful. This court is bound by the law in Bullock, even though it is 70 years old and was a 6-5 decision. The case is apparently the last word precisely on point, but has been cited for other propositions many times to date, the latest being in Lawrence v. Lawrence, 79 N.J. Super. 25, 33 (App. Div. 1963).
The defenses of fraud, estoppel and unclean hands cannot help plaintiff in view of Bullock. Cf. Lawrence v. Lawrence, supra, at p. 35. If the court does not have the power to grant plaintiff relief, these defenses are of no avail. The fraud was upon the Florida court which would have jurisdiction in a contempt proceeding. If plaintiff needs more alimony defendant is within the jurisdiction of the New Jersey court. She can make application to the Matrimonial Division pursuant to N.J.S. 2A:34-23.
Based upon the foregoing observations, plaintiff is entitled to summary judgment for the personal property. Defendant is ordered to allow plaintiff possession of the furniture and to account for the profits of the insurance business for the period specified. Summary judgment will be denied as to real property for the reasons heretofore given. The court will retain jurisdiction pending final hearing at which time *241 the credits and charges between the parties will be determined on defendant's counterclaim for partition and the accounting for profits from the insurance business will be heard.
Counsel may submit a form of order in accordance with R.R. 4:55-1.