Benjamin Brenner, J.
This is an action for a separation and for rescission of a separation agreement. The plaintiff wife moves to reargue a prior motion and the defendant husband cross-moves to strike the third and fourth causes of action to rescind the agreement.
The husband contends that inasmuch as the wife has lately instituted an action to recover moneys as necessaries or, in the alternative, under the terms of the separation agreement, she has thereby ratified the agreement and consequently that the prior actions instituted by her herein for a separation and to rescind must be dismissed.
In actions to rescind separation agreements, the highly confidential relationship of husband and wife requires that the. agreements be closely examined. What is more, a court of equity will not determine validity of such agreements by ordinary contract rules, the inquiry being whether the agreement be just and whether, in equity, it ought to be enforced (Hendricks v. Isaacs, 117 N. Y. 411; Scheinberg v. Scheinberg, 249 N. Y. 277; Stahl v. Stahl, 221 N. Y. S. 2d 931). The agreement will be upheld if the provision for maintenance of the wife and children is both suitable and equitable (Pomerance v. Pomerance, 301 N. Y. 254; Goldman v. Goldman, 282 N. Y. 296). Thus, the wife need not necessarily offer to return moneys which she has received under the agreement as a condition precedent to bringing an action to rescind it (Cernak v. Cernak, 12 A D 2d 980) as is generally the requirement in an action for the rescission of other contracts. On the other hand, she may be compelled to return such sums as remain unexpended if the court deems it equitable for her so to do (Pelz v. Pelz, 156 App. Div. 765). The reasoning behind the relaxation of ordinary contract rules is that the obligation of the husband to furnish support springs not only from the agreement but from the marital relationship and the interest by the State in perpetuating it (Haas v. Haas, 298 N. Y. 69; Tirrell v. Tirrell, 232 N. Y. 224; Kaplan v. Kaplan, 199 N. Y. S. 2d 207, affd. 10 A D 2d 888, mot. for rearg. and for lv. to app. den. 10 A D 2d 980).
It consequently has been held that where a separation agreement allegedly makes inadequate provision for support and maintenance and is claimed to have been procured through fraud and duress, the wife is not barred from prosecuting an action to rescind the agreement though she continues to accept payments under that very agreement after discovery of the fraud if the moneys thus accepted are necessary for her support (Almonte v. Almonte, 259 App. Div. 311; Kaplan v. Kaplan, supra). And, where there has been a breach by the husband, the *875 wife may elect to seek her rights in a matrimonial action rather than by virtue of the agreement and still recover for moneys which have become due thereunder prior to the institution of the matrimonial action (O'Brien v. O'Brien, 252 App. Div. 427; Breiterman v. Breiterman, 239 App. Div. 709).
In the case at bar, the action instituted subsequent to the bringing of this action is to recover moneys due upon the agreement or as necessaries expended for the maintenance of the home and the issue of the marriage, moneys which may be due to her regardless of whether the separation agreement be valid or voidable. In effect, the wife seeks clarification of her rights in this court: Should the agreement be held valid, she may then recover only pursuant to its terms in the newly brought action and the within actions will thereupon be dismissed. If the agreement be set aside and the court thereupon orders alimony payments for the future, she may then only recover moneys expended by her in the past as necessaries in the newly brought action. These various forms of alternative relief are available to her because she may and should be the beneficiary of rights which spring from either or both contract and marital status. However, the multiple forms of relief do not entitle her to receive duplicate payments. Thus, as above stated, recovery of necessaries or for moneys due under the contract can only be for the period prior to the commencement of a separation action under her marital status. But it is essential to bear in mind in all of this that an effort to enforce one form of relief does not necessarily cancel out the other so that it may not be said that commencement of suit for necessaries or under the terms of the contract for moneys due prior to the institution of the separation action will prevent her pursuing relief under the marital status, and vice versa.
In the light of this holding, the actions which plaintiff has commenced elsewhere should be joined with the actions pending here as her right to relief will depend on the disposition of the causes of action for the rescission of the agreement.
Accordingly, the cross motion to dismiss is denied and the order to be settled herein shall provide for the transfer of the action now pending in the Civil Court to this court and its joinder with the instant action. The wife’s motion to reargue the motion for the examination before trial of the husband is respectfully referred to Mr. Justice Baeshay.