Emily F. SIMPSON, Plaintiff,

v.

Robert N. SIMPSON, Defendant.

Superior Court of Delaware,
New Castle.

June 26, 1970.

---

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for plaintiff.

Peter Warren Green, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for defendant.

## OPINION

STOREY, Judge.

This is an action by plaintiff wife against defendant husband to enforce the property settlement provisions of a Nevada divorce decree. Although defendant husband appeared in the Nevada action, the decree reflects that he failed to appear at the hearing on the merits and discharged his attorneys prior thereto. The decree further reveals that the Nevada Court ordered that defendant husband's former attorneys "continued as attorneys of record and further ordered that the defendant would not be bound by such attorneys' actions save and except that the defendant would be bound to the extent of his personal appearance in the action." Following a hearing on the merits, the Nevada Court granted a divorce, ordered support payments by defendant in the amount of $450.00 per month and granted judgments for plaintiff of $1,800.00 for accrued support, $18,750.00 for plaintiff's share of defendant's business and $2,675.00 for plaintiff's share of the value of property acquired during the marriage. The Nevada Court further ordered defendant to convey to plaintiff the family home located in Delaware and ordered defendant to pay a $2,825.00 obligation of plaintiff to the Wilmington Trust Company, correspondingly reducing the amount of the $18,750.00 judgment to $15,925.00.

The first issue in this case is whether the property settlement provisions of a Nevada divorce decree are entitled to full faith and credit in Delaware when the party against whom the judgment is sought to be enforced entered an appearance in the Nevada proceedings, but was absent from the hearing on the merits, and the Nevada Court ordered that that party was not bound by any action taken at such hearing by a court appointed attorney. As Stated in McElroy v. McElroy, 256 A.2d 763, 765 (Del.Ch.1969):

> "Under Article 4, Section 1 of the Federal Constitution, a judgment of another state properly authenticated shall be given full faith and credit in this State to the same extent as given in the state in which it was entered. * * * To be enforceable here, under full faith and credit, the court which gave the judgment must have had jurisdiction of the subject matter of the suit and jurisdiction over defendant. That is basic to an action on a foreign decree."

Aside from defendant's contention as to the effect of the Nevada Court's order that defendant would not be bound in that action "except to the extent of his personal appearance", there is no valid contention nor any evidence of a lack of jurisdiction over the subject matter of the suit or of the person. Considering the wording of the order of the Nevada Court concerning the extent to which defendant would be bound by the actions of a court appointed attorney, it is clear that the Court did not intend to surrender its previously acquired in personam jurisdiction over defendant's person, even assuming it could do so. By the wording of its decree the Court made clear that it intended, to the fullest extent possible, to protect defendant's interests in spite of himself without authorizing the court appointed attorneys to enter binding commitments on his behalf. The fact that

the Nevada Court did not intend to relinquish in personam jurisdiction is further established by the Court's express exception to the ruling limiting authority of the court appointed attorneys providing that "defendant would be bound to the extent of his personal appearance in the action." Accordingly, the property settlement provisions of the Nevada decree are entitled to full faith and credit in this Court.

The second question to be resolved is whether the provisions of an in personam Nevada decree ordering conveyance of real property located in Delaware may be enforced in a Delaware court. It is unanimously accepted that a court in one state cannot directly affect or determine title to land in another state. Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909); See also Phelps v. Williams, 192 A.2d 805, 806 (D.C.App.1963) and cases cited therein. That, however, does not mean that the order of a court with in personam jurisdiction over the persons, to execute and deliver a deed to out of state property is not to be enforced in the state where the property lies. Although there is a split of authority as to whether a court at the situs of real property will order a conveyance based upon a judgment of a sister state, (see e. g. Higginbotham v. Higginbotham, 84 N.J.Super. 232, 201 A.2d 581, 584 (1964) rev'd. 92 N.J.Super. 18, 222 A.2d 120 (1966).), the majority view today permits maintenance of such an action in the state of the situs. See *Higginbotham*, 222 A.2d at pp. 125, 126. Upon review of the authorities, this Court sees no valid objection to enforcement of such a personal obligation imposed by another state. Phelps v. Williams, *supra*, 192 A.2d at 806.

Accordingly, summary judgment will be rendered in favor of the plaintiff in the amounts of $15,925.00, $2,675.00, $1,800.00 and $1,360.00 and plaintiff will be awarded the real property of the parties located at 1318 Quincy Drive, Wilmington, Delaware.

It is so ordered.