■ SAMUEL K. KLEINER, Appellant, v. JULIET A. SANJENIS, Respondent.— Order, Supreme Court, New York County, entered on April 4, 1974, denying plaintiff's motion for an order staying a proceeding for child support pending in the Family Court, unanimously reversed, on the law, without costs and without disbursements, the motion granted, and the Family Court action is stayed until determination of the matters at issue between the parties in the Supreme Court pursuant to the New York Simplified Procedure for Court Determination of Disputes (SPCDD), (CPLR 3031 *et seq.*). In a separation agreement, the parties agreed that any controversy arising between them with respect to the terms thereof or the obligations of either party thereto, shall be submitted to the New York County Supreme Court for determination pursuant to the SPCDD. The separation agreement is a contract between husband and wife only and the children are not parties (although beneficially interested therein) to any litigation or arbitration thereunder. The cause of action for increased payments for the children belongs not to the children but to the mother. (See *Schneider* v. *Schneider*, 17 N Y 2d 123, 126–127 and cases therein cited.) The provision in the separation agreement for the determination of the amount of support for the children is valid and enforceable. (*Schneider* v. *Schneider, supra; Storch* v. *Storch*, 38 A D 2d 904; *Sheets* v. *Sheets*, 22 A D 2d 176; *Goldenberg* v. *Goldenberg*, 25 A D 2d 670.) Concur — McGivern, P. J., Nunez, Lupiano, Steuer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v. JOSEPH GONZALEZ and TRACY GONZALEZ. On the court's own motion and pursuant to section 71 of the Executive Law, (1) appellants are directed to serve upon the Attorney-General of the State of New York, within five days after entry of the order hereon, notice of the pendency of this appeal and of the fact that the constitutionality of articles 70 and 220 of the Penal Law have been brought into question herein, (2) the Attorney-General of the State of New York is granted permission to appear in this appeal in support of the constitutionality of said articles, and (3) the appeal is adjourned to the November 1974 Term for argument. The Attorney-General, if he so desires, may file a brief on or before October 31, 1974. Appellants, if they so desire, may reply thereto by supplemental brief to be filed on or before November 7, 1974. Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Yesawich, JJ.