■ ANNE T. MACKEY, Respondent, v PAUL A. MACKEY, Appellant.—In an action, *inter alia,* to enforce the child support and alimony provisions of a Mexican divorce decree, as well as similar provisions of a separation agreement which was incorporated but not merged therein, and to recover arrears thereunder, defendant appeals (1) from a judgment of the Supreme Court, Nassau County, dated April 29, 1976, which, after a nonjury trial, *inter alia,* modified the child support and alimony provisions of the Mexican divorce decree, awarded the plaintiff arrears thereunder and held the separation agreement to be enforceable, (2) from an order of the same court, dated March 22, 1977, which, after a hearing, *inter alia,* held him in contempt for failure to pay alimony and child support, and denied his cross motion for a downward modification of the alimony and child support provisions of the judgment dated April 29, 1976, and (3) as limited by his brief, from so much of a further order of the same court, dated April 11, 1977, as, upon reargument, adhered to the determination embodied in the order dated March 22, 1977. Judgment modified, on the facts, by (1) reducing the amount of alimony awarded in the second decretal paragraph thereof to $50 per week and (2) adding thereto a provision that the total award of alimony and child support shall be further reduced to the extent of any moneys which may be paid pursuant to any income execution which is imposed upon defendant by plaintiff to obtain payment of arrears due under the separation agreement. As so modified, judgment affirmed, without costs or disbursements. Appeal from the order dated March 22, 1977 dismissed as

academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated April 11, 1977 modified, on the facts, by adding thereto, immediately following the provision which adheres to the original determination, the following: "except that the provisions of the order dated March 22, 1977 which held defendant in contempt and fixed arrears are deleted." As so modified, order affirmed insofar as appealed from without costs or disbursements, and action remitted to Special Term to recompute the arrears under the judgment dated April 29, 1976, in accordance with the reduced alimony award. It is the opinion of this court, after due consideration of the entire record on appeal, including the original papers, and upon careful comparison of the relative circumstances of the parties, that the defendant-appellant cannot afford to comply with the judgment of the trial court and, in contrast, that plaintiff-respondent can afford a reduction in her alimony. Accordingly, we have reduced the amount of alimony from $100 per week to $50 per week. It appears that plaintiff has sought to enforce, by way of income execution, those portions of the judgment herein appealed from which awarded her various sums of money due and owing under the parties' separation agreement. Although this is proper, we have determined the amount defendant may reasonably be expected to pay towards the support of his children and his former wife (plaintiff herein), and believe that the plaintiff should not be permitted to impose an additional, and unbearable, burden upon his income by such enforcement of the judgment. Accordingly, as of the date of the order to be entered hereon, the total award of child support and alimony shall be reduced to the extent of the amount of any income execution presently in effect, or which may be imposed by the plaintiff in the future, for the purpose of obtaining payment of arrearages due her under the parties' separation agreement (see *Matter of Jacqueline S. v Gerald C.,* 70 Misc 2d 19, 21-22). Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.