THREE STAR OFFSET PRINTING, INC., Appellant-Respondent, v RUTH E. DANIELS, Respondent-Appellant.—In an action for specific performance of an option to purchase a building pursuant to a provision contained in a lease thereof, the parties cross-appeal from an order of the Supreme Court, Queens County, dated January 28, 1977, which denied their respective motions for summary judgment. Order affirmed, without costs or disbursements. The issue here turns on the interpretation of the language of a paragraph in the lease between the plaintiff, the lessee, and the defendant's predecessor in title of the building involved, who is now deceased. Defendant inherited the building under the lessor's will. The lease, dated October 15, 1965, contains the option agreement here under dispute, which, in pertinent part, provides: "In the event that Landlord shall contemplate to sell the building herein demised * * * during his lifetime, or upon the death of the Landlord, and while this Lease, or any renewal or extension thereof be in force and effect, the Tenant shall have the right and option to purchase the said building at the fair and reasonable market value thereof, and in either of such events the Landlord or his legal representative shall give notice in writing to the Tenant by registered or certified mail, return receipt requested, that Tenant is required to exercise the said option within thirty (30) days from the receipt of such notice." It is undisputed that the landlord died on July 1, 1972 and that neither his heir, the defendant, nor his legal representative, nor the attorney who handled the landlord's estate, gave the notice authorized in the lease. It is also undisputed that the plaintiff, the tenant, by its attorney, notified the defendant, the owner, by letter dated April 21, 1976, of its exercise of the option to purchase the building and that the defendant refused to follow the procedure established in the lease for ascertaining the fair and reasonable market value of the building and for conveying it to the plaintiff pursuant to its exercise of the option. Rather, the defendant contended that the option provision must be read to mean that it could be triggered only by the landlord or his legal representative giving the notice required in the lease and that the language as to the landlord's dying during the term of the lease meant only that if the landlord did contemplate selling the building during his lifetime, but died before giving notice to the plaintiff of his intention to sell, his legal representative would have to give such notice. In her brief the defendant argues that the language "unequivocally requires a desire or intent on the part of the landlord or his representative to sell the property." The language of the lease quoted above can be read either as providing that (1) the tenant's option to buy can be triggered only if the original lessor, or after his death, his legal representative, should contemplate selling the leased building and should give the notice thereof provided for in the lease, or (2) the tenant's option to buy is triggered either by the landlord, during his lifetime, evincing a desire to sell and giving the required notice thereof, or by his death. Thus the provision is ambiguous. The intent of the parties with respect to which of these alternatives triggered the option established in the lease governs its interpretation (see *Madawick Contr. Co. v Travelers Ins. Co.,* 307 NY 111, 119). The existence of this issue of fact bars the

granting of summary judgment to either side. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.