■ PATRICIA MCCRENSKY, Individually and as Natural Guardian of GLEN M. SCHWEITZER and Two Other Infants, Appellant, v PETER SCHWEITZER, Respondent.—In an action, *inter alia,* to set aside a separation agreement on the grounds that it is inadequate and was fraudulently obtained, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated December 5, 1977, which granted defendant's motion to dismiss each of the causes of action in the complaint and (2) the judgment of the same court entered thereon on January 13, 1978. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law and in the interest of justice, by (1) adding to the first decretal paragraph thereof, between the words "the" and "complaint", the following: "second cause of action of the", (2) deleting from the first decretal paragraph thereof the words "on the merits" and substituting therefor the words "with leave to replead", (3) deleting the second decretal paragraph thereof and (4) adding thereto a provision otherwise denying the motion. As so modified, judgment affirmed. The title of the action is hereby amended so as to read: "Patricia McCrensky, plaintiff, v Peter Schweitzer, defendant." Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. The first two causes of action seek to set aside the separation agreement on the grounds that it is inadequate and was fraudulently induced. The agreement, executed in March, 1976, was incorporated into a divorce decree granted in New York County in May, 1977, and expressly survived the decree. Plaintiff is not relegated to seeking relief by way of a modification proceeding in New York County or a *de novo* child support proceeding, but may bring a plenary action to set aside the agreement as null and void. Defendant does not

challenge her right to seek such a determination, correctly objecting only to the fact that the causes of action are asserted in the name of the children (see *Forman v Forman,* 17 NY2d 274). Under the circumstances, an outright dismissal of the complaint on the merits is unwarranted. Plaintiff is already before the court and an amendment of the title of the action to reflect that she is asserting the cause in her own right is sufficient. We have upheld the dismissal of the second cause of action (with leave to replead) because it fails to allege the necessary nexus between defendant's alleged conduct and the execution of the separation agreement. The third cause of action, for reimbursement of moneys expended by plaintiff to furnish the children with necessaries, is properly pleaded. However, plaintiff may recover for past expenditures for necessaries only if the separation agreement is ultimately set aside (see *Riemer v Riemer,* 48 Misc 2d 873, affd 25 AD2d 956). Hopkins, J. P., Latham, Gulotta and O'Connor, JJ., concur.