■ J. RICH STEERS, Appellant, v ANNE STEERS, Respondent.—In a matrimonial action in which the plaintiff husband was granted a judgment of divorce, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered February 16, 1978, as granted the branch of defendant's motion which sought leave to enter a money judgment for arrears. Order affirmed insofar as appealed from, with $50 costs and disbursements. The bargain that the parties struck with respect to the defendant's support, as evidenced by the separation agreement which was incorporated but not merged in the judgment of divorce and reaffirmed a year later except as to provisions specifically amended, will not be abrogated by the court on plaintiff's claim that it is basically unfair. The court will not rewrite an agreement of separation that is regular on its face, where each party was aided by counsel throughout the negotiations and there is no showing of overreaching, fraud or duress (see *Riemer v Riemer,* 31 AD2d 482, affd 31 NY2d 881; see, also, *Christian v Christian,* 42 NY2d 63, 71-72; cf. *Bethune v Bethune,* 46 NY2d 514; *Matter of Boden v Boden,* 42 NY2d 210). Damiani, J. P., O'Connor, Rabin and Gulotta, JJ., concur.

■ THREE STAR OFFSET PRINTING, INC., Appellant, v RUTH E. DANIELS, Respondent.—In an action, *inter alia,* to compel specific performance of an option to purchase real property, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated June 28, 1978, which, after a nonjury trial, is in favor of defendant. Judgment reversed, on the law, and new trial granted, with costs to appellant to abide the event. It was error to exclude testimony by plaintiff's attorney as to a conversation he had with the defendant's deceased predecessor in title as to the intent of the parties with respect to the meaning of a purchase-option provision in the lease in suit. A new trial is required in order to ascertain the intent of the parties as to the option provision (see *Three Star Offset Print. v Daniels,* 58 AD2d 862). Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

25 ROBERTO VELASQUEZ, an Infant, by His Mother and Natural Guardian, LILLIAN VELASQUEZ, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law for leave to file a late notice of claim against the New York City Housing Authority, the authority appeals from an order of the Supreme Court, Kings County, entered February 14, 1978, which granted the application. Order affirmed, without costs or disbursements. In our view, Special Term did not abuse its discretion in granting the application to file a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.