■ LOIS STRAUSS, Appellant, v DAVID B. STRAUSS, JR., Respondent.—In an action, *inter alia,* to rescind a separation agreement, plaintiff appeals from an order of the Supreme Court, Nassau County, entered July 11, 1979, which granted defendant's motion to dismiss the first cause of action in the complaint on the basis of collateral estoppel. Order reversed, without costs or disbursements, and motion denied, without prejudice to any appropriate motions for summary judgment. Special Term should not have granted the motion to dismiss since the divorce decree, granted in Nassau County in February, 1974, does not bar a subsequent action to set aside the separation agreement, executed in October, 1973 and which survived the decree, on the grounds of fraud, duress or overreaching (cf. *Steers v Steers,* 69 AD2d 858; *McCrensky v Schweitzer,* 65 AD2d 568). While Special Term apparently treated the motion as one for summary judgment, it did not notify the

parties of its intention to do so (see CPLR 3211, subd [c]; see, also, *Rubin v Rubin*, 72 AD2d 536; *Shah v New York Foundling Hosp.*, 69 AD2d 899). Under the circumstances, the allegations in the first cause of action are sufficient to constitute a valid cause of action. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.