■ CAROL A. RAINES, Respondent, v WILLIAM L. RAINES, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Respondent, former wife, moved by order to show cause for an order increasing alimony and child support. The order to show cause also contained a demand that appellant, former husband, produce all of his financial records for the past 10 years. Appellant's motion to dismiss and his motion for a protective order were denied and a hearing was ordered. This appeal ensued thereafter. The amount of alimony and child support to be paid by appellant is established in a separation agreement which was incorporated, but not merged, in the divorce decree. Such an agreement as to alimony, valid when made, may not be modified upward unless the recipient spouse "is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge" (McMains v McMains, 15 NY2d 283, 285). There is no claim that respondent is in such danger. Further, the validity of the separation agreement may be attacked in a separate plenary action and set aside where fraud, misrepresentation or overreaching are proved (Christian v Christian, 42 NY2d 63, 72; Gardner v Gardner, 40 AD2d 153, affd 33 NY2d 899; see, also, Swartz v Swartz, 43 AD2d 1012, 1013). The existence of a separation agreement does not affect child support which a court may increase upon a showing of unforeseen change in circumstances (Matter of Boden v Boden, 42 NY2d 210; Goldman v Goldman, 69 AD2d 758). In determining whether to increase child support the court must "consider the assets, earnings, expenses and obligations of the father" (Matter of Boden v Boden, supra, p 212). Inasmuch as the compulsory financial disclosure set forth in the Domestic Relations Law (§ 250) (now Domestic Relations Law, § 236, Part A, subd 2) would adequately develop this factual information, appellant's motion for a protective order should have been granted. There remains only the issue of child support to be determined after the ordered hearing and for which this matter is remitted. (Appeal from order of Erie Supreme Court — summary judgment.) Present — Cardamone, J.P., Simons, Hancock, Jr., Doerr and Moule, JJ.