### Robert Taddeo v. Kathleen Taddeo

[446 A.2d 360]

No. 224-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Timothy J. O'Connor, Jr.*, Brattleboro, for Plaintiff.

*Ralph Chapman*, Brattleboro, for Defendant.

**Peck, J.** Defendant Kathleen Taddeo appeals from judgment of the Windham Superior Court enforcing a property settlement provision in the parties' New York divorce decree. We affirm.

The facts, as found by the trial court, are not contested on appeal. Robert and Kathleen Taddeo were married in, and remain residents of, New York State. They purchased a small parcel of land in West Dover, Vermont, in 1972 and com-

menced construction of a house. On March 22, 1974, the parties entered into a separation agreement providing *inter alia*:

8. The parties hereto agree that the wife [Kathleen Taddeo] is to execute a deed to a house located in West Over [sic], Vermont (including land), now in the name of both husband [Robert Taddeo] and wife, to the husband. Furthermore, the husband will make every effort to remove the wife's name from the mortgage to said property—which in effect will relieve the wife from any liability to the mortgagee of said premises. In any event, it is agreed that should the wife become liable to the mortgagee, the husband will hold the wife harmless and refund to her any sum of money which she may have paid said mortgagee.

The agreement was drafted by counsel employed jointly by the parties. It also provided that questions concerning its interpretation or validity were to be governed by New York law.

Nearly two years later, defendant brought suit for divorce in New York State. She was represented by counsel in that proceeding while plaintiff was not. At no time did defendant contest the fairness of the separation agreement, nor did she suggest, as she does now, that it was obtained by duress. In fact, with the advice of counsel she filed an affidavit requesting that it be incorporated into the judgment. The ensuing divorce decree incorporated the agreement, approved its terms, and provided that it would survive the decree. Neither party appealed from the judgment of divorce.

In November 1976, defendant filed a petition in New York State seeking alimony and increased child support. She did not, however, challenge the validity of the separation agreement on any ground whatever. The action was dismissed on procedural grounds. A similar action was brought by defendant in February 1977. Once again she did not raise the issue of duress with respect to the agreement. Finally, in January 1980, defendant brought suit in New York State seeking, for the first time, to set aside the separation agreement on the ground of duress. That action was subsequently discontinued without prejudice pursuant to stipulation of the parties.

In February 1980, after several unsuccessful attempts to

have defendant execute a deed to the Vermont real estate, plaintiff brought an action seeking to enforce the New York decree in the Windham Superior Court. Defendant sought to avoid the effect of the New York judgment by claiming that the separation agreement was the product of duress and overreaching by plaintiff. The trial court did not reach the merits of this issue, concluding instead that: "Defendant has delayed for an unreasonable period of time to the prejudice of the Plaintiff, and is now barred by laches and by a waiver on her part from asserting the defense of duress at this time." The court thereupon vested title to the Vermont real estate in the plaintiff. V.R.C.P. 70. From this judgment defendant appeals.

■ ■ It is elementary that under the full faith and credit clause of the United States Constitution, Art. IV, § 1, and its implementing statute, 28 U.S.C. § 1738, a final decree of divorce rendered in one state must be given the same validity and effect in this state as given in the state in which it was entered, providing the jurisdictional requirements are satisfied. *Ford* v. *Franklin*, 129 Vt. 114, 120, 274 A.2d 461, 464–65 (1971); *Loeb* v. *Loeb*, 118 Vt. 472, 479, 114 A.2d 518, 524 (1955). Defendant does not challenge the New York court's jurisdiction in the divorce proceeding. Moreover, defendant acknowledges that the provisions of the in personam New York decree ordering conveyance of the real property located in Vermont may be enforced in the courts of Vermont. See *Simpson* v. *Simpson*, 267 A.2d 891, 893 (Del. Super. 1970); *Rozan* v. *Rozan*, 49 Cal. 2d 322, 330, 317 P.2d 11, 15 (1957). Thus the agreement, incorporated in and attached to the divorce decree, is also to be accorded full faith and credit.

■ ■ Nonetheless, full faith and credit demands only that the New York decree be given the same force and effect in Vermont as it would in New York State. See, e.g., *Holm* v. *Shilensky*, 388 F.2d 54, 57 (2d Cir. 1968); *Farley* v. *Farley*, 227 Cal. App. 2d 1, 38 Cal. Rptr. 357 (1964). It appears that under New York law defendant would be permitted to attack the separation agreement collaterally on the ground of duress. See, e.g., *Christian* v. *Christian*, 42 N.Y.2d 63, 365 N.E.2d

849, 396 N.Y.S.2d 817 (1977); *Strauss v. Strauss*, 78 A.D.2d 549, 432 N.Y.S.2d 26 (1980); *Raines v. Raines*, 80 A.D.2d 721, 437 N.Y.S.2d 140 (1981); *Pisano v. Pisano*, 71 A.D.2d 670, 419 N.Y.S.2d 15 (1979). Therefore, the trial court correctly considered this issue and properly permitted defendant to introduce evidence on the defense of duress over plaintiff's objections.

██ ██ The pivotal issue raised by this appeal thus is whether the trial court erred in concluding that defendant was barred from asserting the defense of duress because of laches and waiver. Under New York law, laches is defined as " 'such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.' " *In re Estate of Barabash*, 31 N.Y.2d 76, 81, 286 N.E.2d 268, 271, 334 N.Y.S.2d 890, 891 (1972) (quoting 2 Pomeroy, Equity Jurisprudence § 419, at 171–72 (5th ed. 1941)). The essential element of the equitable doctrine is delay which is prejudicial to the opposing party. *Id.; Eastern Shopping Centers, Inc. v. Trenholm Motels, Inc.*, 33 A.D.2d 930, 306 N.Y.S.2d 354 (1970); *Kearns v. Manufacturers Hanover Trust Co.*, 51 Misc. 2d 34, 272 N.Y.S.2d 535 (1966). Moreover, whether laches precludes assertion of an equitable claim or defense lies within the trial court's discretion. See *Phillips v. Luckenbach Steamship Co.*, 227 F. Supp. 195, 196 (S.D.N.Y. 1964).

██ After thoroughly reviewing the record we cannot say that the trial court erred in ruling that the doctrine of laches precludes defendant from asserting the defense of duress. The court specifically found, on believable evidence, that defendant failed to assert the claim of duress for an unreasonable period of time. It was defendant, nearly two years after execution of the agreement, who requested that the separation agreement be incorporated into the judgment of divorce. She did not then, nor for the next four years, challenge the validity of the separation agreement. Most importantly, the court found that the ensuing delay had indeed been prejudicial to plaintiff. He continued construction of the home on the Vermont property and made all mortgage payments in

direct reliance on the separation agreement as incorporated into the divorce decree.

We also believe that the trial court, although couching its conclusion in the language of "waiver," correctly held that under New York law defendant's conduct constituted a ratification of the separation agreement. In New York State, separation agreements incorporated into but not merged with the decree constitute contractual obligations. *Galyn* v. *Schwartz*, 77 A.D.2d 437, 434 N.Y.S.2d 1 (1980); *Kleiner* v. *Sanjenis*, 46 A.D.2d 617, 359 N.Y.S.2d 791 (1974). "[Legal] [r]atification results if a party who executed a contract under duress accepts the benefits flowing from it, or remains silent, or acquiesces in the contract for any considerable length of time after the party has the opportunity to annul or void the contract." *Smith* v. *Jones*, 76 Misc. 2d 656, 660, 351 N.Y.S.2d 802, 807 (1973). In the instant case defendant accepted those provisions of the settlement agreement that suited her purposes, twice commencing actions in New York State to enforce the decree. She also acquiesced in the contract for a considerable length of time without attacking its validity. Accordingly, assuming arguendo that the agreement was the product of duress, we conclude that defendant's actions had the effect of ratifying it.

*Affirmed.*