OPINION OF THE COURT
John F. Lawton, J.
Defendant has moved this court at Special Term for an order modifying the December 17, 1976 judgment of divorce and the August 30, 1977 amended separation agreement of the parties. Defendant asserts further that this modification is necessitated by a change of his circumstances and financial hardship.
Plaintiff, in response thereto, asserts that this court is without the power to modify the separation agreement entered into between the parties. Further, it is asserted by plaintiff that as this agreement was entered into prior to the enactment of Domestic Relations Law § 236 (B), it is inapplicable.
Initially this court notes that the provisions of Domestic Relations Law § 236 (B) (9) (b) are clearly inapplicable to the case at bar. In this regard, the last sentence of said paragraph provides: “The provisions of this subdivision shall not apply to a separation agreement made prior to the effective date of this part.” (Domestic Relations Law § 236 [B] [9] [b].)
Even prior though to this statutory enactment, the courts were not bound by the child support terms of a separation agreement (Matter of Boden v Boden, 42 NY2d 210 [1977]; Raines v Raines, 80 AD2d 721 [4th Dept 1981]). The child support provisions in a separation agreement are not to be freely *56 disregarded, but rather “Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed” (Matter of Boden v Boden, supra, at p 213). Further, this test has been continually applied to such circumstances as presented herein where the parties are seeking a financial redistribution of the obligations for child support (Pfleger v Westfall, 90 AD2d 978 [4th Dept 1982]). The Boden principles are thus explained by the Court of Appeals in Matter of Brescia v Fitts (56 NY2d 132, 138-139 [1982]):
“in Boden we held that the court may nevertheless modify the parties’ respective obligations where it is determined either that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need * * *
“Thus, the principles set forth in Boden apply only when the dispute is directed solely to readjusting the respective obligations of the parents to support their child (see, e.g., Schiffman v Schiffman, 79 AD2d 971, 972). Moreover, a proceeding of this nature is not properly brought in Family Court, because that court, lacking equity jurisdiction, is without power to set aside or modify the terms of the separation agreement (Kleila v Kleila, 50 NY2d 277, 282).”
Thus, it is the opinion of this court that it has authority to modify the child support obligations of the parties set forth in their separation agreement.
This court does note, though, that the aforesaid cases all involve increase support obligations rather than, as presented at bar, a request to modify downward the defendant’s child support obligation. This, though, should be of no moment, for how can the law in good conscience allow for increased child support when the adequate needs of the child are already being met and in derogation of a separation agreement, and not allow a decrease in child support under the same circumstances. By analogy, the First Department’s statement in Morse v Morse (45 AD2d 370 [1974]) wherein it discusses the right of downward modification of alimony versus increased alimony in derogation of a separation agreement is clearly applicable. “Clearly, if a wife’s special needs allow an increase in her alimony despite an agreement for a fixed amount, a husband who alleges that he is ‘totally incapable’ of meeting his obligations, should have the same right by virtue of his special needs to attempt to reduce the amount of alimony. McMains v. McMains cannot stand merely *57 for half of this proposition.” (Morse v Morse, at p 373.) Additionally, the court should not be forced to undertake such machinations as in Mackey v Mackey (58 AD2d 806 [2d Dept 1977]), wherein the court reduced the support and alimony decree and also found it necessary to provide equitable relief from contractual claims based on the parties’ separation agreement. “It appears that plaintiff has sought to enforce, by way of income execution, those portions of the judgment herein appealed from which awarded her various sums of money due and owing under the parties’ separation agreement. Although this is proper, we have determined the amount defendant may reasonably be expected to pay towards the support of his children and his former wife (plaintiff herein), and believe that the plaintiff should not be permitted to impose an additional, and unbearable, burden upon his income by such enforcement of the judgment. Accordingly, as of the date of the order to be entered hereon, the total award of child support and alimony shall be reduced to the extent of the amount of any income execution presently in effect, or which may be imposed by the plaintiff in the future, for the purpose of obtaining payment of arrearages due her under the parties’ separation agreement (see Matter of Jacqueline S. v Gerald C., 70 Misc 2d 19, 21-22).” (Mackey v Mackey, supra, at p 807.) Therefore, it is the opinion of this court that as the Court of Appeals in Matter of Brescia v Fitts (supra) has authorized upward modifications of child support in derogation of contractual rights based on unanticipated or unreasonable changes in circumstances by readjusting the respective obligations of the parents even when the children’s needs were adequately met by the agreement, then a modification should also be available to modify the judgment and agreement by decreasing a party’s support obligation under the same circumstances.
In the case at bar, defendant has asserted that he has been forced to retire due to ongoing emotional problems necessitating ongoing psychological treatment. Further, this early retirement has resulted in a massive change in his financial circumstances, wherein previously he was grossing approximately $1,051.25 biweekly, and subsequent thereto is grossing only $450 biweekly. Additionally, pursuant to the divorce decree and separation agreement, the plaintiff is presently paying $75 per week for the support of the infant issue of the marriage, which he contends he is unable to pay due to his greatly changed financial circumstances. In this regard, the financial affidavit of defendant shows that his present expenses are approximately $1,032 per month, while his income is only $967.50 per month. *58 No information is provided the court as to plaintiff’s financial circumstances, or her ability to afford a readjustment of the support obligations of their child, or as to what are the support needs of this child. An unforeseen change of circumstances, a concurrent showing of need, and the financial capacity of each parent to contribute to the support of the child are necessary elements in considering defendant’s request to modify the defendant’s present child support responsibilities (Goldman v Goldman, 69 AD2d 758, 759 [1st Dept 1979]). Therefore, this matter must be referred to Trial Term for a hearing on defendant’s request for a modification of his child support obligations set forth in his judgment of divorce and separation agreement.