■ HERBERT GREENBERG, Appellant, v LENORE GREENBERG, Respondent.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered October 22, 1990, which granted defendant's motion for an upward modification of alimony to the extent of referring certain issues to a Special Referee to hear and report with recommendations, and, in the meantime, directing plaintiff to pay an additional $35 per week for a total of $60, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

By judgment entered November 5, 1976, plaintiff husband was granted a divorce from defendant wife on the ground of cruel and inhuman treatment. Insofar as is relevant, the judgment required the husband to pay support to the wife in the sum of $25 per week "for so long as she shall remain unmarried and for so long as the husband is alive * * * based on a representation and agreement that under no circumstances will the defendant-wife move this Court or any Court for an increase or modification of the award of alimony as agreed to herein, and further that the plaintiff-husband at no time will move this Court or any other Court for an elimination or modification of the alimony as set forth herein, except [if] the wife shall remarry".

In April 1990, the wife moved for an upward modification of alimony to $150 per week on the ground that due to a drastic change in financial circumstances, she was in danger of be-

coming a public charge. She stated that she had been working full time since the time of the divorce until December 1988, when, for medical reasons, she could no longer work. She suffers from a disease which, in January 1989, required the amputation of one leg just below the knee and may, in time, require the amputation of the other. Her total income is $487, which consists of Social Security benefits and the alimony payments, while her monthly expenses, including rent, are $900. As to the husband's financial status, she asserted that he owns income producing property in Manhattan and Florida, has an ownership interest in two other parcels of realty, owns an interest in four seats on a commodities exchange and is gainfully employed.

The IAS court granted the motion to the extent of referring the issues of the wife's change in financial circumstances, her present need and the husband's ability to pay to a Special Referee to hear and report with recommendations. In addition, the court directed the husband to pay an additional $35 per week "[i]n the meantime".

While the parties are ordinarily bound by an agreement as to the terms of support which have been incorporated into a divorce judgment, such an agreement may be modified upward if the recipient spouse is unable to support herself and is in danger of becoming a public charge. (McMains v McMains, 15 NY2d 283, 284-285; Raines v Raines, 80 AD2d 721.) This rule is grounded on the principle that one spouse cannot contract to relieve the other of the support obligation since such obligation continues after divorce. (See, McMains v McMains, supra, at 288.) However, under the law which is applicable to this 1976 divorce, where the husband is entitled to a divorce based on the wife's misconduct, she has no right to support. (See, Domestic Relations Law former § 236; Math v Math, 39 AD2d 583, affd 31 NY2d 693.) Thus, after plaintiff husband was granted a divorce based on the wife's cruel and inhuman treatment, he had no obligation to support her—even if she were in danger of becoming a public charge. The wife suggests that there was no factual basis for a divorce on this ground; the judgment, however, recites that plaintiff "proceeded on the first cause of action for cruel and inhuman treatment and testimony [was] given in open Court satisfactorily proving the allegations of the complaint." While the husband's agreement to pay alimony waived the alimony-bar provision of section 236, it did so only to the extent agreed upon, i.e., $25 per week. (See, Carter v Carter, 52 AD2d 835, lv denied 40 NY2d 804.) However unsatisfactory the result reached here may be,

it is nonetheless mandated by controlling law. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.